**The STATE of Utah, Plaintiff and Respondent,**

v.

**Matthew W. MILLER, Defendant and Appellant.**

No. 20229.

Supreme Court of Utah.

May 7, 1986.

George M. Harmond, Jr., Price, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from the denial of his motion to withdraw his plea of guilty to one count of aggravated assault.

Defendant was originally charged with two counts of aggravated assault, third degree felonies, in violation of U.C.A., 1953, § 76–5–103. It was alleged that on December 26, 1983, he had assaulted with a knife Glenn Hampton and Joseph Lund. At his arraignment in circuit court, defendant waived formal reading of the information and acknowledged receipt of a copy thereof. At preliminary hearing, he waived his right to make a statement and the prosecution presented its evidence, which included testimony of the two victims and introduction of the knife as an exhibit. The circuit court found from the evidence probable cause to believe defendant had committed the crimes charged. He was thereupon bound over to district court to stand trial on the charges specified in the information.

At the arraignment in district court, the prosecution advised the court of the parties' agreement that if defendant would plead guilty to one count of aggravated assault, the prosecution would dismiss the other count. Defendant thereupon pleaded guilty to Count II of the information. The record indicates that the court accepted the plea of guilty "upon determining that defendant is fully aware of his legal and constitutional rights and ... waived those rights." On July 31, 1984, after reviewing a presentence report, the court sentenced defendant to a prison term not to exceed five years and ordered him to repay the medical expenses of Joseph Lund.

On August 9, 1984, new counsel entered an appearance and filed a motion for an order to allow defendant to withdraw his guilty plea. The motion was accompanied by an affidavit wherein defendant claimed to have entered the plea "believing that the facts of this case supported only a misdemeanor offense." A hearing was held on the motion, and the court heard the testimony of defendant and arguments of counsel. After taking the matter under advise-

ment, by memorandum decision the court denied the motion for withdrawal of plea. This appeal is from that decision.

■■■ Defendant argues that the trial court abused its discretion by refusing to allow him to withdraw his guilty plea since he did not understand the nature of the charges against him or the consequences of his plea. In accepting a guilty plea, the court should find "[t]hat the defendant understands the nature and elements of the offense to which he is entering the plea; that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt; and that the plea is an admission of all those elements." U.C.A., 1953, § 77–53–11(e)(4). In its memorandum decision denying defendant's motion, the court acknowledged it did not make a specific finding to this effect at the time the plea was accepted. We have held that the absence of a finding under this section is not critical so long as the record as a whole affirmatively establishes that the defendant entered his plea with full knowledge and understanding of its consequences and of the rights he was waiving. *Brooks v. Morris*, Utah, 709 P.2d 310 (1985); *Warner v. Morris*, Utah, 709 P.2d 309 (1985). In the instant case, defendant has not supplied us with a transcript of the arraignment hearing where he entered his guilty plea or with any other evidence that the court failed to fully explain the consequences of the plea. If an appellant fails to provide an adequate record on appeal, this Court must assume the regularity of the proceedings below. *State v. Robbins*, Utah, 709 P.2d 771 (1985); *State v. Jones*, Utah, 657 P.2d 1263 (1982).

■■ Defendant also argues he should be permitted to withdraw his guilty plea under *State v. Breckenridge*, Utah, 688 P.2d 440 (1984), since there is an absence of facts to show that he committed the crime with which he was charged. Without a complete record, this contention is also difficult for us to address. Nevertheless, in denying the withdrawal of plea, the court reviewed the following facts as adduced at the preliminary hearing and as reported in the presentence report: After getting into an argument with a restaurant manager, defendant drew a knife and stated, "I am going to kill you...." As defendant stepped forward, the manager knocked the knife out of defendant's hand and wrestled him to the floor. In the ensuing scuffle, the manager suffered a broken right hand and bites on his neck and lower jaw. Those facts are sufficient to support a charge of aggravated assault.

■■ Without arguing the point, defendant contends that at the hearing on his motion to withdraw his plea, the trial court wrongfully refused to allow a witness to testify. This witness, William Folkerts, was with defendant on the night of the assault. The court refused to hear Folkerts' testimony on the ground it would have no bearing on defendant's motion to withdraw his plea of guilty. We agree.

The judgment of the district court denying the motion to withdraw the plea of guilty is hereby affirmed.