2008 UT App 249

**Shirlene OSTERMILLER, Petitioner, Appellee, and Cross-appellant,**

v.

**David G. OSTERMILLER, Respondent, Appellant, and Cross-appellee.**

No. 20070589–CA.

Court of Appeals of Utah.

June 26, 2008.

Rehearing Denied Aug. 13, 2008.

---

Paige Bigelow, Salt Lake City, for Appellant and Cross-appellee.

Marlin J. Grant, Logan, for Appellee and Cross-appellant.

Before Judges THORNE, DAVIS, and ORME.

### MEMORANDUM DECISION

DAVIS, Judge:

¶1 David G. Ostermiller (Husband) appeals the district court's Amended Final Decree, which ended the bifurcated divorce proceedings between him and Shirlene Ostermiller (Wife). Wife cross-appeals other aspects of that same order. We affirm in part, reverse in part, and remand.

¶2 Husband first contends that the trial court erred in awarding retroactive alimony to Wife. We agree. We recognize that a trial court generally has considerable discretion in making an alimony award.[1] *See*

---

1. Contrary to Wife's assertion, Husband need not marshal the evidence under the circumstances of this case. The burden to marshal is not triggered simply because a trial court is afforded a level of discretion or because a challenged issue is "fact sensitive." Instead, the burden to marshal arises when "a determination of the *correctness* of a court's application of a legal standard is extremely fact-sensitive." *Chen v. Stewart*, 2004 UT 82, ¶20, 100 P.3d 1177 (emphasis added). But in cases where a party raises a legal issue—not dependent on factual findings but instead

*Paffel v. Paffel,* 732 P.2d 96, 100 (Utah 1986). We also realize that there may be some circumstances where an alimony award may apply retroactively to the time during which a request for alimony was pending. However, this case does not present such a circumstance because Wife was remarried over three years before any alimony was awarded. The trial court, as it acknowledged, never awarded alimony before Wife remarried. Instead, during the seven years of the bifurcated divorce proceedings, the alimony issue was simply reserved to be addressed at a later time. The issue was never addressed prior to the March 2007 Memorandum Decision, which awarded Wife alimony for a period of time during the pendency of the proceedings before she remarried. However, because it is presumed that a party's obligation to pay alimony "automatically terminates" when the other party remarries, *see* Utah Code Ann. § 30-3-5(9) (2007), Husband's obligation to pay alimony to Wife terminated before it ever arose, i.e., before the trial court entered an order awarding alimony.[2] Thus, the award of alimony after Wife's remarriage was an abuse of discretion, and we reverse this award.[3]

¶ 3 Moreover, this result is consistent with the purpose of alimony, which is "to enable the receiving spouse to maintain as nearly as possible the standard of living enjoyed during the marriage and to prevent the spouse from becoming a public charge." *Paffel,* 732 P.2d at 100. If Wife was in need of assistance to maintain such a standard of living during the duration of the divorce proceedings prior to her remarriage, she should have taken some action to obtain a temporary alimony award during that time. Instead, although Wife initiated the divorce proceedings in January 2000 and alleges that she was in great need of assistance from that point forward, she did not request a trial on the alimony issue until over four years later-in June 2004, which was eight months after her remarriage and after Husband's obligation to pay alimony had expired.[4]

¶ 4 Husband also argues that the trial court erred by failing to award him child support for the nearly four years between the time when he was awarded custody and the time when the parties signed the stipulation providing that neither party would pay

---

challenging whether the trial court properly applied the law to the facts as found below—there is no need to marshal. Such is the situation with the alimony issue here.

2. The parties do not dispute this termination as a result of the remarriage.

3. Because we reverse the award of alimony, we need not reach Husband's arguments that the trial court inappropriately determined the amount of alimony and that prejudgment interest should not be allowed on the alimony award; nor do we need to address Wife's argument that alimony should have been awarded for a longer time period. We do, however, note that the law is well settled as to the process by which the trial court is to determine an alimony award, *see Batty v. Batty,* 2006 UT App 506, ¶¶ 5-6, 153 P.3d 827 (refusing to support alimony awarded to the wife " 'as an income equalization concept,' " and instructing that "if [the wife] is not able to meet her own needs, [which are assessed in light of the standard of living that the parties enjoyed during the marriage,] the trial court should have determined the ability of [the husband] to fill the gap between [the wife's] needs and her own ability to meet those needs, with an eye towards equalizing the parties' standards of living only if there is not enough combined ability to maintain

both parties at the standard of living they enjoyed during the marriage"), and as to when prejudgment interest is allowed, *see Orlob v. Wasatch Med. Mgmt.,* 2005 UT App 430, ¶ 35, 124 P.3d 269 ("Prejudgment interest is properly awarded when the damage is complete, the loss can be measured by facts and figures, and the amount of loss is fixed as of a particular time. [A] court may only award prejudgment interest if damages are calculable within a mathematical certainty." (alteration in original) (internal quotation marks omitted)).

4. Wife argues that the trial court found "that [Husband] tried to hide, conceal or deceive the [c]ourt regarding his actual income, and therefore, it was entirely appropriate for [the court] in equity and fairness to award alimony retroactively." However, "[t]he purpose of alimony is to provide support for the wife and not to inflict punitive damages on the husband. Alimony is not intended as a penalty against the husband nor a reward to the wife...." *English v. English,* 565 P.2d 409, 411 (Utah 1977) (internal quotation marks omitted). Further, we are not convinced that delay in the entering of an alimony award was largely Husband's fault, especially considering Wife's passive approach to obtaining an alimony award—failing to request that the issue be addressed until after she was already remarried.

child support. The trial court, in a Memorandum Decision, said of its determination to not award child support that "[i]t should be remembered that the decision issued relative to child support dates back to December 17, 2003." And in the Amended Final Decree, the court again reiterated that its decision to not award child support was based on "the same analysis as discussed in the trial on December 17, 2003."[5] Husband has, however, failed to provide us with the transcript from the referenced proceeding so that we may review the trial court's ruling and reasoning. We therefore must assume the regularity of the proceedings below. *See State v. Miller*, 718 P.2d 403, 405 (Utah 1986) ("If an appellant fails to provide an adequate record on appeal, this Court must assume the regularity of the proceedings below."). Thus, we assume that there were sufficient evidence and findings to support the trial court's decision, and we refuse to disturb that decision.

¶ 5 Husband next argues that the trial court erred in awarding Wife $4000, plus interest, for custodial evaluator costs. The trial court was correct that Husband was responsible for the custody evaluator costs under the initial Decree of Divorce. But a second judgment for that same amount was improper without evidence that Husband had not paid the amount as originally ordered, i.e., that Wife had paid for evaluator costs for which she was still waiting for reimbursement. Husband argues that no such evidence was ever presented, and in her response Wife points to no such evidence in the record. We therefore reverse this award to Wife in the Amended Final Decree.[6]

¶ 6 Wife argues that the trial court abused its discretion by failing to award her half of the profits on rents over a fourteen-month period from apartments that were marital property. The court's reasoning for this was based on its finding that "the income from those apartments was used to provide for family expenses." Wife challenges this finding, arguing that there is no way this whole amount was used for family expenses. But because Wife fails to marshal the evidence in support of this finding, we must assume that the finding is adequately supported by the evidence. *See Chen v. Stewart*, 2004 UT 82, ¶ 80, 100 P.3d 1177. We therefore affirm on this issue.

¶ 7 Wife also argues that the trial court abused its discretion in failing to award her costs and attorney fees.[7] Because the trial court's decision was based on the fact that the alimony award equalized the parties' incomes and negated the need for an award of attorney fees to Wife, our decision on appeal has altered the underpinnings of the denial and we must remand to the trial court for reconsideration of this issue. But we take this opportunity to clarify the needs assessment required by Utah Code section 30–3–3(1). *See generally* Utah Code Ann. § 30–3–3(1) (2007). Wife reargues on appeal her logic from below that Husband "still had much more available income to meet his

---

5. The trial court stated that its decision was also based on the analysis from the April 27, 2005 findings. Although we have considered these findings, they shed little light on the matter, and we must turn to the other analysis referenced by the trial court for support of its decision.

6. The judgment in the original Decree of Divorce is, of course, still in force.

7. Wife states that this issue is controlled by Utah Code sections 30–3–5 and 30–3–3(2). These sections, however, are inapplicable to this case. Although Wife points to no specific provision in section 30–3–5, the only two references to attorney fees in that section apply to situations where "a petition for modification of child custody or parent-time provisions of a court order is made and denied," *see* Utah Code Ann. § 30–3–5(6) (2007), or where "a petition alleges noncompli-

ance with a parent-time order by a parent," *see id.* § 30–3–5(7). The situation here fits neither of those procedural scenarios. As to section 30–3–3(2), which allows an award of attorney fees to a party that "substantially prevailed," this provision is also inapplicable here because this is not an action "to enforce" a domestic order. *See id.* § 30–3–3(2). Instead, the action here is "to establish" a domestic order, and attorney fees in such a situation are controlled by section 30–3–3(1), which allows an award, at the trial court's discretion, based on the need of a party. *See id.* § 30–3–3(1) (allowing an award of attorney fees against a party in order "to enable the other party to prosecute or defend the action"). Although Wife never cites to this subsection in her brief, she alludes to this provision by arguing her inability to pay her attorney fees. We therefore proceed to address this issue under section 30–3–3(1).

needs than she did." But so long as Wife has sufficient resources to meet her needs, Husband need not pay Wife's attorney fees, even if he has more money at his disposal with which to pay his own fees and will have more money to spare than will Wife. Simply put, if Wife has no need for assistance, attorney fees may not be awarded under section 30–3–3(1). *See id.*

¶ 8 In sum, we reverse the award of alimony to Wife and the award of evaluator costs; we reverse the trial court's denial of attorney fees to Wife and remand for reconsideration of the issue; and we affirm in all other respects.

¶ 9 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge, and GREGORY K. ORME, Judge.