2010 UT 43

**Shirlene OSTERMILLER nka Shirlene Shaw, Petitioner and Cross–Respondent,**

v.

**Dave G. OSTERMILLER, Respondent and Cross–Petitioner.**

No. 20080769.

Supreme Court of Utah.

May 28, 2010.

Marlin J. Grant, Logan, for petitioner.

Paige Bigelow, Salt Lake City, for respondent.

NEHRING, Justice:

## INTRODUCTION

¶ 1 David and Shirlene Ostermiller were both dissatisfied with the court of appeals' decision on their respective appeals from the district court rulings in their divorce action.

¶ 2 Shirlene appealed and contends that the court of appeals erred in reversing the district court's award of alimony to her for the period between the couple's divorce and Shirlene's remarriage. Shirlene also claims the court of appeals erred when it failed to address the merits of her claim that the district court erred in failing to award her a share of rental proceeds derived from marital property.

¶ 3 David filed a cross-appeal. He contends that the court of appeals erred when it declined to address the merits of his claim that the district court erred by failing to award him child support payments because David did not provide the court of appeals with certain trial transcripts.

¶ 4 We reverse in part and affirm in part.

## BACKGROUND

¶ 5 Shirlene and David Ostermiller were married on August 1, 1992. On January 11, 2000, Shirlene filed for divorce. She sought child support and alimony. The court awarded David temporary physical custody of the couple's twin boys. On March 26, 2001, the district court bifurcated the divorce proceedings. In a manner consistent with bifurcated divorce actions, the court granted the Ostermillers a divorce and reserved the issues of alimony, child support, and division of assets for a later hearing.

¶ 6 Shirlene remarried two-and-a-half years later on October 2, 2003. The parties did not have another hearing concerning the reserved issues until December 17, 2003. After conferring outside the presence of the court, the parties agreed to terms related to permanent custody, parent-time and prospec-

tive child support. The stipulation was later reduced to Findings of Fact and Conclusions of Law entered April 27, 2005. During the December 17, 2003 hearing, the court did not determine, and it seems that the parties did not reach an agreement on, whether retroactive alimony would be awarded from the date the court dissolved the marriage on March 26, 2001, to the date of Shirlene's remarriage on October 2, 2003, a period of approximately thirty months. Instead, when the court approved and entered the stipulation, it noted that it had again reserved for later determination the issue of retroactive alimony.

¶ 7 The district court held a trial on the remaining issues on August 31, 2005 and November 16, 2006. In its Memorandum Decision following the trial, the district court found the question of alimony must be addressed by separating the request into two time periods: (1) between February 2000 (soon after the court had entered its temporary orders) and April 2001 (corresponding to the entry of the divorce decree) and (2) between April 2001 (the divorce date) and October 2003 (Shirlene's remarriage). The parties filed multiple objections to various portions of the Memorandum Decision. After the court considered all of the parties' arguments and issued additional memorandum decisions, the court issued an Amended Final Decree. The Decree ordered David to pay Shirlene retroactive alimony for the months between the Decree and her remarriage.

¶ 8 In the Amended Final Decree, the district court also found that Shirlene was not entitled to receive a share of the proceeds from the couple's rental properties between January 2, 2000 and March 31, 2001, because during that time David "paid all of the family expenses." In addition, the district court determined that David was ineligible for retroactive child support between April 2001 and October 1, 2003. The trial court cited in its Amended Final Decree the "analysis as discussed in the trial on December 17, 2003."

¶ 9 David appealed to the court of appeals and Shirlene cross-appealed. *Ostermiller v. Ostermiller*, 2008 UT App 249, ¶ 1, 190 P.3d 13. Shirlene argued that the district court

erred by failing to award her a portion of the rental income. *Id.* ¶ 6. David contended that the district court could not grant Shirlene temporary alimony for the time period before her remarriage. *See id.* ¶ 2. He also argued the district court erred when it refused to award him retroactive child support. *Id.* ¶ 4.

¶ 10 The court of appeals affirmed in part and reversed in part. *Id.* ¶ 8. First, the court of appeals held that the trial court abused its discretion by awarding Shirlene retroactive alimony. *Id.* ¶ 2. The court acknowledged that "there may be some circumstances where an alimony award may apply retroactively to the time during which a request for alimony was pending," but this case "does not present such a circumstance because [Shirlene] was remarried over three years before any alimony was awarded." *Id.* The court of appeals interpreted the language in Utah Code section 30-3-5(9) (2007) that a party's obligation to pay alimony "automatically terminates" when the other party remarries as meaning that "[David's] obligation to pay alimony to [Shirlene] terminated before it ever arose," i.e., before the trial court finally took up the issue it had reserved. *Id.* The court emphasized the fact that Shirlene did not request a trial on the alimony issue until four years after she initiated the divorce proceeding and eight months after her remarriage. *Id.* ¶ 3. The court went on to state that its holding comported with the purpose behind alimony to " 'enable the receiving spouse to maintain as nearly as possible the standard of living enjoyed during the marriage and to prevent the spouse from becoming a public charge.' " *Id.* (quoting *Paffel v. Paffel,* 732 P.2d 96, 100 (Utah 1986)).

¶ 11 Second, the court of appeals affirmed the district court's refusal to award Shirlene one-half of the rental proceeds accumulated between January 2000 and March 2001 from apartments that constituted marital property. *Id.* ¶ 6. The district court declined to make this award because it found that "the income from those apartments was used to provide for family expenses." *Id.* (internal quotation marks omitted). The court of appeals held that because Shirlene failed to marshal the evidence on whether the income was used for family expenses, it "assume[d] that the finding [was] adequately supported by the evidence." *Id.*

¶ 12 Third, the court of appeals affirmed the district court's decision to deny David retroactive child support for the nearly four years between the entrance of the Bifurcated Divorce Decree and the December 2003 stipulation. *Id.* ¶ 4. The court of appeals found that to determine this issue, it had to examine the transcript for the trial conducted on December 17, 2003. *Id.* The court of appeals reasoned that examining this transcript was necessary because a "trial" was referenced in the Memorandum Decision and the Amended Final Decree as the basis of the trial court's decision not to award retroactive child support. *Id.* According to the court of appeals, David failed to provide the court of appeals with the transcript from the December 17 trial and the court of appeals therefore "assume[d] the regularity of the proceedings." *Id.* (citing *State v. Miller,* 718 P.2d 403, 405 (Utah 1986) ("If an appellant fails to provide an adequate record on appeal, this Court must assume the regularity of the proceedings below.")).

■ ¶ 13 Shirlene petitioned this court for certiorari review and David cross-petitioned. We agreed to decide the following issues raised by Shirlene: (1) whether the court of appeals erred in reversing the district court's award of retroactive alimony and (2) whether the court of appeals erred in declining to address Shirlene's argument regarding her claim for a share of the rental income. We also granted David's cross-petition to resolve the following issue: whether the court of appeals erred in assuming the regularity of the proceedings as to David's challenge to the district court's denial of retroactive child support.[1] We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(a) (2008).

---

1. David has also submitted a lengthy motion to strike portions of Shirlene's brief. Under Utah Rule of Appellate Procedure 24(k), briefs that are not "presented with accuracy" or are not "free from burdensome, irrelevant, immaterial or scandalous matters," may be "disregarded or stricken" by the court. The court may also "assess attorney fees against the offending lawyer." *Id.* David requests attorney fees and costs for the time and expense incurred in preparing the mo-

## STANDARD OF REVIEW

¶ 14 "On certiorari, we review the court of appeals' decision for correctness." *Magana v. Dave Roth Constr.*, 2009 UT 45, ¶ 19, 215 P.3d 143.

## DISCUSSION

## I. THE COURT OF APPEALS ERRED IN REVERSING THE DISTRICT COURT'S AWARD OF RETROACTIVE ALIMONY

¶ 15 The court of appeals erred in reversing the district court's award of retroactive alimony. Utah Code section 30–3–3(3) (2009)[2] allows a district court to "order a party to provide money, during the pendency of the action, for the separate support and maintenance of the other party." Section 30–3–3(4) permits the district court to amend any order entered prior to final judgment "during the course of the action or in the final order or judgment." However, "[u]nless a decree of divorce specifically provides otherwise, any order of the court that a party pay alimony to a former spouse automatically terminates upon the remarriage ... of that former spouse." *Id.* § 30–3–5(9).

¶ 16 The district court never made a temporary alimony award, but instead awarded retroactive alimony for the time period between entry of the Bifurcated Divorce Decree and Shirlene's remarriage. David argues that section 30–3–5(9) prohibited the district court from awarding temporary alimony to Shirlene after her remarriage, even though the district court specifically reserved the issue in the Bifurcated Divorce Decree and throughout the proceedings. We disagree.

¶ 17 We hold that the district court could award retroactive alimony to Shirlene for the time period before her remarriage because the district court reserved the issue throughout the proceedings. In the Decree of Divorce entered March 26, 2001, the court listed alimony as an issue "reserved for further settlement or trial." In the minutes of the December 17, 2003 hearing in which the parties stipulated to various issues, the district court expressly noted "alimony is reserved." In the court's Memorandum Decision dated April 27, 2005, issued partly in response to David's argument that the court wrongly determined it must address retroactive alimony in the March 5, 2007 Memorandum Decision, the district court noted that the issue of temporary alimony was "specifically" and "continually" reserved first "on February 3, 2000, then on March 26, 2001, and on December 17, 2003." Because the district court specifically and unequivocally reserved the retroactive alimony issue, Shirlene's failure to move for a temporary alimony award or take other action to resolve the alimony issue before her remarriage did not prevent the court from addressing the issue.

¶ 18 In *Roberts v. Roberts*, the court of appeals held that a wife's remarriage did not moot the issue of whether the trial court had properly calculated alimony for the time period between entry of the final decree and remarriage. 835 P.2d 193, 197–98 (Utah Ct. App.1992). David argues that the difference between *Roberts* and the issue here is that the wife in *Roberts* properly moved for an award of alimony. We find the distinction between a trial court's reservation of an issue and a specific motion to resolve an issue, given the facts of this case, to be artificial and without legal consequence. The district court specifically reserved the issue and then addressed the issue, correctly observing that Shirlene was only entitled to an award of alimony for the time period before her remarriage, the time period section 30–3–5(9) permits. The court of appeals therefore

tion to strike. David's motion to strike alleges Shirlene made several factual misstatements in her brief. We conclude that the motion to strike does not highlight blatant misstatements of fact, but rather argues Shirlene used more inflammatory language than necessary and possibly construed the facts in a way that departs from David's perception of the facts. The misstatements highlighted do not arise to the level of burdensome, irrelevant, immaterial or scandal-

ous. David's motion to strike is therefore denied, and we decline to award him attorney fees and costs for the time spent preparing the motion and accompanying memorandum.

2. We refer to the 2009 version of Utah Code section 30–3–3 because no substantive changes were made to the version in effect at the time the relevant events in this proceeding took place.

erred when it reversed the district court on this question.

## II. THE COURT OF APPEALS DID NOT ERR WHEN IT AFFIRMED THE DISTRICT COURT'S REFUSAL TO AWARD SHIRLENE THE REQUESTED RENTAL PROCEEDS

[4] ¶ 19 The court of appeals affirmed the district court's refusal to award Shirlene one-half of the rental proceeds from apartments that constituted marital property for the fourteen-month period between the couple's separation and entry of the Bifurcated Divorce Decree. *Ostermiller v. Ostermiller,* 2008 UT App 249, ¶ 6, 190 P.3d 13. It was correct in doing so. The district court declined Shirlene's claim because it found that "the income from those apartments was used to provide for family expenses" by David. *Id.* (internal quotation marks omitted). The court of appeals held that because Shirlene failed to marshal the evidence on whether the income was used for family expenses, it had to "assume that the finding [was] adequately supported by the evidence." *Id.* After reviewing the briefs submitted to the court of appeals, we agree that Shirlene was required to, but did not, marshal the evidence and therefore the court of appeals had no obligation to reach the merits of Shirlene's argument.

 ¶ 20 To challenge a factual finding, " 'an appellant must first marshal all the evidence in support of the finding and then demonstrate that the evidence is legally insufficient to support the finding even when viewing it in a light most favorable to the court below.' " *Chen v. Stewart,* 2004 UT 82, ¶ 76, 100 P.3d 1177 (quoting *Wilson Supply, Inc. v. Fradan Mfg. Corp.,* 2002 UT 94, ¶ 21, 54 P.3d 1177). To properly marshal the evidence,

[t]he challenging party must temporarily remove its own prejudices and fully embrace the adversary's position; he or she must play the devil's advocate. In so doing, appellants must present the evidence in a light most favorable to the trial court, and not attempt to construe the evidence in a light favorable to their case. Appellants cannot merely present carefully selected facts and excerpts from the record in support of their position. Nor can they simply restate or review evidence that points to an alternate finding or a finding contrary to the trial court's finding of fact.

*Id.* ¶ 78 (internal quotation marks and citations omitted).

¶ 21 Shirlene did not present the court of appeals with a trial transcript nor did she point to record citations that demonstrate the trial court's findings were against the clear weight of the evidence. Although Shirlene cited Exhibit 18, written closing arguments from the trial and a sur-reply, presentation of this evidence does not constitute sufficient marshaling of the evidence. Shirlene only attempted to demonstrate, based on her own assertions, that the trial court erred, but did not present to the court of appeals the evidence underlying the trial court's determination and why that determination was against the clear weight of the evidence.

¶ 22 Shirlene argues, alternatively, that she did not have a duty to marshal the evidence because the record does not support the district court's determination. *See Martinez v. Media–Paymaster Plus/Church of Jesus Christ of Latter-Day Saints,* 2007 UT 42, ¶¶ 18–21, 164 P.3d 384 ("The reviewing court . . . retains discretion to consider independently the whole record and determine if the decision below has adequate factual support.")

¶ 23 The trial court heard evidence at a three-day trial and made factual findings based on the evidence presented. The trial court stated the following in the Memorandum Decision entered April 27, 2005:

[Shirlene's] first point is that she should be awarded alimony for the period of January 2000 through April 2001 on the basis that the apartment income of the parties was received and used entirely at the discretion of [David]. The Court did not ignore that fact in issuing its decision but found . . . that the income from those apartments was used to provide for family expenses and that virtually all of the family expenses were assumed by [David]. The exact figures were not supplied, but the lifestyle of the parties continued during

that period of time much in the fashion it had before, in that the monthly bills and expenses were paid for and that they were, by testimony, paid for in part from the proceeds of those apartments.

¶ 24 Shirlene neither presented a transcript of the August 2006 and November 2006 trial to the court of appeals, nor indicated that a transcript contained evidence that would undermine the trial court's determination that the apartment rents were received by David and that he used the apartment rents to pay for "virtually all of the family expenses." Shirlene took the position that because the trial court's findings denied Shirlene both alimony and one-half of the apartment rents, it could not, therefore, be supported by the record. Shirlene "cannot shift the burden of marshaling by falsely claiming that there is no evidence in support of the trial court's findings." *Chen*, 2004 UT 82, ¶ 78, 100 P.3d 1177. We therefore affirm the court of appeals' use of its discretion to decline to address the issue.

### III. THE COURT OF APPEALS ERRED IN ASSUMING THE REGULARITY OF THE PROCEEDINGS REGARDING THE TRIAL COURT'S FINDING THAT DAVID WAS NOT ENTITLED TO RETROACTIVE CHILD SUPPORT

¶ 25 The court of appeals did not address the merits of David's claim that the district court erred when it ruled that David was not entitled to retroactive child support for the period between February 2000 and December 2003. Because the Amended Final Decree states it uses " 'the same analysis as discussed in the trial on December 17, 2003,' " and David did not provide a transcript of the "trial," the court of appeals "assume[d] the regularity of the proceedings below." *Ostermiller v. Ostermiller*, 2008 UT App 249, ¶ 4, 190 P.3d 13 (citing *State v. Miller*, 718 P.2d 403, 405 (Utah 1986)). David points to the December 17, 2003 proceeding and urges that it was limited to the

entry of a stipulation between the parties and that a transcript therefore would not be helpful for review of the trial court's findings. We agree with David that the December 17, 2003 proceeding was not a trial or hearing for which a transcript could be provided or would be helpful.[3] The court of appeals therefore erred when it determined that the December 17, 2003 hearing was a trial from which a transcript could be obtained, the contents of which would be relevant to resolving the issue of child support. Consequently, the court of appeals could not rely on the regularity of the proceedings presumption to avoid the merits of David's child support claim. We therefore remand to the court of appeals to address David's claim that the trial court did not adequately address child support between the time David was granted sole custody and December 2003. On remand, the court of appeals must also consider David's claim that the trial court never adequately addressed why it abandoned its use of the sole custody worksheet suggested in the first Memorandum Decision and the joint custody worksheet suggested in the second Memorandum Decision.

### CONCLUSION

¶ 26 We reverse the court of appeals' decision that the trial court improperly awarded temporary alimony to Shirlene. The district court specifically and continually preserved the issue throughout the divorce proceedings and therefore acted properly in addressing it after Shirlene's remarriage. We also hold that the court of appeals did not err in declining to address the district court's failure to award Shirlene a portion of the rental income because Shirlene failed to marshal the evidence. Finally, the court of appeals erred in holding David accountable for producing a trial transcript, which after cursory review of the record, did not exist. We therefore remand to the court of appeals for proceedings consistent with this opinion.

---

**3.** The trial court's Findings of Fact, Conclusions of Law and Order entered on April 27, 2005, reaffirms the nature of the December 17, 2003 proceeding. The Order states, "After an analysis of the procedural history and opening statements

by respective counsel were heard, and after extensive in-chambers discussions between counsel and the Court and between counsel and the parties, a stipulation regarding the issues of custody and visitation was reached."

¶ 27 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice PARRISH concur in Justice NEHRING's opinion.

¶ 28 Justice WILKINS acted prior to his retirement.