2010 UT App 218

Shirlene OSTERMILLER, Petitioner, Appellee, and Cross-appellant,

v.

David G. OSTERMILLER, Respondent, Appellant, and Cross-appellee.

No. 20070589–CA.

Court of Appeals of Utah.

Aug. 12, 2010.

Paige Bigelow, Salt Lake City, for Appellant and Cross-appellee.

Marlin J. Grant, Logan, for Appellee and Cross-appellant.

Before Judges DAVIS, ORME, and THORNE.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 This case is on remand from the Utah Supreme Court so that we may address the narrow issue of whether the trial court erred in failing to make an award of child support to David G. Ostermiller (Husband) and against Shirlene Ostermiller (Wife) for the time period of February 2000 to December 2003. *See Ostermiller v. Ostermiller,* 2010 UT 43, ¶ 25, 233 P.3d 489. We reverse the ruling of the trial court on this issue and remand for further proceedings.

¶ 2 Husband argues that the trial court erred by ultimately failing to award him child support for the nearly four years between the time when he was awarded custody in February 2000 and the December 2003 stipulation providing that neither party would pay child support. Unfortunately, the record is entirely unhelpful in our review of this mat-

ter because it fails to set forth the trial court's reasoning underlying its decision.

¶ 3 As late as its March 2007 Memorandum Decision, the trial court recognized that the issue of child support "between February 2000 and December 2003" still needed to be addressed. In this same decision, the trial court made findings respecting the parties' income and stated, "[T]here has been no evidence suggested to the Court to establish a deviation from the uniform child support level, therefore, the incomes found by the Court herein are to be used by the parties in establishing child support to be paid from [Wife] to [Husband] during the period abovementioned." Further, the trial court stated that for this same period "[Mother]'s parent-time consisted of 28% of the time for purposes of establishing child support."

¶ 4 However, just a few months later, in the July 2007 Amended Final Decree, the trial court ruled that "the child support between April 1, 2001 and October 1, 2003, should be zero." The trial court's reasoning was apparently based on its view that Husband and Wife had been co-parenting the children 50% of the time and that the issue had not been specifically reserved in the December 2003 proceedings.

¶ 5 When Husband pointed out these discrepancies in a motion to amend the July 2007 decision, the trial court ruled, "It should be remembered that the decision issued relative to child support dates back to December 17, 2003. The internal inconsistency argued by [Husband] now, together with the historical facts of this case, prevents this Court from modifying its earlier decisions." In this decision the trial court referenced its previous reasoning from "the trial on December 17, 2003, and Findings dated April 27, 2005." But the record from these dates does nothing to explain the ultimate decision of the trial court regarding retroactive child support.

¶ 6 The recording of the proceedings on December 17, 2003, is unhelpful.[1] Although the proceedings started out as a trial, immediately after opening statements the trial

---

1. Although the supreme court excused Husband from providing a transcript of this recording, *see Ostermiller v. Ostermiller,* 2010 UT 43, ¶ 25, 233 P.3d 489, we note that there was a recording available of the proceedings held on the record that day. Indeed, the record clearly shows that both parties had requested and obtained a copy of this recording.

judge requested to meet with counsel in chambers. The parties apparently engaged in a dialogue that resulted in a stipulation. A recitation of the stipulation was thereafter made on the record, which stipulation included the issue of child support, but there is no mention on the record as to any reasoning the trial court gave relating to child support obligations. And the April 27, 2005 findings simply memorialize the stipulation the parties reached in December 2003. The findings seem to speak to only prospective child support, stating that the parties will co-parent the children in an arrangement "somewhat similar to that which has been in place in the past" and that "neither party will pay to the other child support under this parenting arrangement." Thus, we are unable to glean any reasoning from these sources that would permit our review of the trial court's ultimate decision to deny child support for the period from February 2000 to December 2003.

¶7 "The Utah Supreme Court has clearly held that the trial court must make findings on all material issues." *Stevens v. Stevens*, 754 P.2d 952, 958 (Utah Ct.App. 1988). "Detailed findings of fact and conclusions of law are necessary for this reviewing court to ensure that the trial court's discretionary determination of . . . [a] child support award[ ] was rationally based." *Id.* at 959. There are simply no such findings on the record before us. We therefore reverse the trial court's decision regarding child support for the period of February 2000 to December 2003, and we remand to the trial court to consider the issue further and support its determination with sufficient findings.[2]

¶8 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.

2. This determination will necessarily include findings regarding the parent-time exercised by Wife during this period, which findings will affect the decision of which custody worksheet, that is, a sole or joint custody worksheet, should be used in calculating any child support.