2011 UT App 76

**GOLDEN MEADOWS PROPERTIES, LC, aka Golden Meadows Properties, LLC, Plaintiff and Appellee,**

v.

**Michael W. STRAND and Cari Allen, Defendants and Appellants.**

No. 20090867-CA.

Court of Appeals of Utah.

March 17, 2011.

Rehearing Denied April 21, 2011.

Michael W. Strand and Cari Allen, Centerville, Appellants Pro Se.

James C. Swindler, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and VOROS.

## MEMORANDUM DECISION

McHUGH, Associate Presiding Judge:

¶1 Michael W. Strand and Cari Allen appeal the trial court's order imposing rule 11 sanctions against them and the trial court's order overruling their objections to the form and substance of the rule 11 order.[1] We affirm.

## BACKGROUND

¶2 On August 30, 2007, Golden Meadows Properties, LC (Golden Meadows) sued Strand and Allen for unlawful detainer of a residence in Bountiful, Utah. The trial court entered summary judgment in favor of Golden Meadows on July 15, 2008, which we affirmed on appeal. *See Golden Meadows Props., LC v. Strand,* 2010 UT App 257, ¶31, 241 P.3d 375 (mem.). After the entry of summary judgment, Strand and Allen moved to disqualify the trial judge under rule 63 of the Utah Rules of Civil Procedure. Strand and Allen argued that Judge Glen R. Dawson should have recused himself because, almost twenty years before serving as the trial judge in this matter, he was an Assistant U.S. Attorney who represented the Internal Revenue Service in an action against one of Strand's businesses (the IRS litigation). Strand and Allen simultaneously moved for relief from judgment under rule 60(b) of the

Utah Rules of Civil Procedure based on the allegations of bias in the motion to disqualify. As required by rule 63(b)(2), Judge Dawson certified the motion to disqualify to Associate Presiding Judge Thomas L. Kay, who denied it as both untimely and without merit. Acting in reliance on Judge Kay's ruling, Judge Dawson then denied the rule 60(b) motion on the merits. This court affirmed both the 60(b) ruling and the denial of the rule 63 motion in *Golden Meadows Properties, LC v. Strand,* 2010 UT App 258, ¶9, 241 P.3d 371 (mem.).

¶3 One week after Strand and Allen filed their postjudgment motions, Golden Meadows served a motion for sanctions against each of them and their counsel pursuant to rule 11 of the Utah Rules of Civil Procedure. In support of its request for sanctions, Golden Meadows identified nineteen factual contentions made without evidentiary support in the following four documents filed by Strand and Allen: (1) the rule 60(b) motion; (2) the memorandum in support of the rule 60(b) motion; (3) the motion to disqualify; and (4) Strand's affidavit in support of the rule 60(b) motion and motion to disqualify. Golden Meadows sought sanctions in the amount of $6100, which was based upon an affidavit from Golden Meadows' counsel setting forth the attorney fees incurred as a result of the offending papers filed with the court. After the twenty-one days allowed by rule 11 to correct or withdraw the challenged statements elapsed on November 18, 2008, *see* Utah R. Civ. P. 11, Golden Meadows filed the rule 11 motion. Subsequently, Strand and Allen's counsel withdrew and paid Golden Meadows $2500 to settle the rule 11 motion as to himself only. On September 1, 2009, Judge Kay conducted a hearing on the rule 11 motion and ordered Strand and Allen to pay the $3600 balance of attorney fees as a sanction for violating the rule.[2] The present

1. Strand and Allen's pro se brief, although containing numerous legal citations, lacks focus and coherence. Additionally, Golden Meadows Properties, LC (Golden Meadows) is correct that Strand and Allen's brief fails in many respects to comply with rule 24 of the Utah Rules of Appellate Procedure. *See* Utah R.App. P. 24. We note, however, that Golden Meadows' brief also contains sparse record citations and provides no

statement of the standard of review as required by rule 24. *See id.* R. 24(b). Despite these inadequacies, we exercise our discretion to decide this matter on the merits. *See State v. Gamblin,* 2000 UT 44, ¶8, 1 P.3d 1108 (holding that an appellate court is "not obligated to strike or disregard a marginal or inadequate brief").

2. Judge Dawson forwarded the rule 11 motion to Judge Kay because it involved issues relating to

appeal challenges both the form and substance of the rule 11 order.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 To begin, Strand and Allen appeal from the denial of their objection to the form of Judge Kay's rule 11 order, arguing that the order fails to set forth explicit factual findings as required by rule 11. "[T]he interpretation of a rule of procedure is a question of law that we review for correctness." *Brown v. Glover*, 2000 UT 89, ¶ 15, 16 P.3d 540.

¶ 5 Next, Strand and Allen challenge Judge Kay's findings of fact and his conclusion that a rule 11 violation occurred. Finally, they appeal the amount of sanctions imposed. In *Barnard v. Sutliff*, 846 P.2d 1229 (Utah 1992), the Utah Supreme Court announced a three-tier approach to review the imposition of rule 11 sanctions: "(1) findings of fact are reviewed under the clearly erroneous standard; (2) legal conclusions are reviewed under the correction of error standard; and (3) the type and amount of sanction to be imposed is reviewed under an abuse of discretion standard." *Morse v. Packer*, 1999 UT 5, ¶ 10, 973 P.2d 422 (citing *Sutliff*, 846 P.2d at 1234–35). "A factual finding is deemed clearly erroneous only if it is against the clear weight of the evidence" when viewed in light of the entire record. *Pennington v. Allstate Ins. Co.*, 973 P.2d 932, 937 (Utah 1998) (internal quotation marks omitted). This approach recognizes that "[d]ecisions regarding rule 11 sanctions are best left in the hands of the trial court." *Archuleta v. Galetka*, 2008 UT 76, ¶ 7, 197 P.3d 650.

## ANALYSIS

### I. Judge Kay's Rule 11 Order Is Supported by Adequate Findings of Fact.

¶ 6 "The law requires that a trial court make a series of specific factual findings as a predicate for concluding that [rule 11] has been violated...." *Griffith v. Griffith*, 1999 UT 78, ¶ 10, 985 P.2d 255. Indeed,

rule 11 expressly requires that "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Utah R. Civ. P. 11(c)(3). Thus, the trial court's "findings on the record, *or other appropriate explanation of the trial court's rationale*," should be sufficient to "enable the appellate courts to apply the *Sutliff* standard." *Morse*, 1999 UT 5, ¶ 13, 973 P.2d 422 (emphasis added); *see also Sutliff*, 846 P.2d at 1234–35. Strand and Allen argue that Judge Kay did not make such explicit factual findings in the rule 11 order and therefore erred in rejecting their challenge to the form of the order. We disagree.

¶ 7 Rule 11(b) of the Utah Rules of Civil Procedure states that by filing papers with the court, an attorney or unrepresented party certifies to the best of his or her knowledge that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Utah R. Civ. P. 11(b)(3). Golden Meadows moved for sanctions under rule 11, claiming that Strand, Allen, and their counsel had made nineteen factual contentions in various papers filed with the court that were false and unsupported by any evidence. In its motion, Golden Meadows identified each of the inaccurate contentions and then explained the basis for its belief that sanctions under rule 11 were appropriate. Judge Kay expressly incorporated by reference the papers filed by Golden Meadows in connection with its rule 11 motion, as well as Golden Meadows' arguments and Judge Kay's own explanation of his reasoning during the rule 11 hearing. When considered together, these sources include adequate factual findings and an explanation of the basis for the sanction imposed. *See id.* R. 11(c)(3); *see also id.* R. 52(a) ("It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum decision filed by the court."). While the job of an appel-

Strand and Allen's motion to disqualify, which     Judge Kay previously adjudicated.

late court is made easier by the entry of findings and conclusions in a single written document, the absence of such is not fatal to the sanctions order. *See Robertson's Marine, Inc. v. I4 Solutions, Inc.,* 2010 UT App 9, ¶ 12 n. 3, 223 P.3d 1141 (explaining that appellate review is " 'not limited to written findings, and [the appellate court] may properly examine findings expressed solely from the bench or contained in other court documents, such as memoranda' " (quoting *Merriam v. Merriam,* 799 P.2d 1172, 1177 (Utah Ct.App.1990))); *see also Keith Jorgensen's, Inc. v. Ogden City Mall Co.,* 2001 UT App 128, ¶ 31 n. 7, 26 P.3d 872 (concluding that trial court's findings of fact in support of an award of attorney fees were sufficient where they incorporated by reference the prevailing party's affidavit and memorandum).

¶ 8 Golden Meadows' motion compares Strand and Allen's contentions about rulings made by Judge Dawson, which were offered to support their claim of bias, with the rulings the record reflects Judge Dawson actually made. For example, Golden Meadows provides factual information about the trial court proceedings that highlights the inaccuracies in the statements in Strand and Allen's offending papers that Judge Dawson: (1) forced Allen to represent Strand; (2) denied all of Strand's discovery requests and refused to amend the scheduling order; (3) struck all of the affidavits filed in opposition to Golden Meadows' motion for summary judgment; (4) refused to allow Strand to file affidavits; (5) demonstrated repeated hostility toward Strand; and (6) evicted Strand from his home without providing him an opportunity to be heard, conduct discovery, file motions, or otherwise represent himself.

¶ 9 In addition, Golden Meadows addressed Strand and Allen's allegations concerning Judge Dawson's service as an Assistant U.S. Attorney in the IRS litigation almost two decades before this matter was heard. With respect to the multiple statements in papers filed with the trial court alleging that Judge Dawson was biased as a result of the IRS litigation, Golden Meadows points to numerous documented instances in which Judge Dawson granted

Strand and Allen leniency with respect to the procedural rules related to the present litigation, including providing temporary relief from the requirement to pay treble damages and allowing them additional time and discovery to prepare for trial. Golden Meadows also identifies information contained in the exhibits attached to Strand's affidavit that contradicts the claim that the IRS litigation was relevant to the matters before the trial judge. Judge Kay incorporated Golden Meadows' factual statements about the proceedings before Judge Dawson and the subject matter of the IRS litigation in the rule 11 order.

¶ 10 Furthermore, at the rule 11 hearing, Judge Kay explained that Strand and Allen had failed to identify any evidence that could either refute the information provided by Golden Meadows or support the nineteen factual contentions. In particular, Judge Kay explained that Strand's citations to his own arguments, reliance on the fact that his own affidavit had not been contradicted by a counter affidavit,[3] and assertion that because opposing counsel had assumed certain facts for purposes of argument, they must be deemed true for all purposes, were legally incorrect and did not satisfy Strand and Allen's burden of demonstrating evidentiary support for the nineteen challenged contentions. By adopting Golden Meadows' motion and arguments as part of the rule 11 order for sanctions and orally stating the reasons that Strand and Allen's attempts to support the accuracy of the nineteen contentions were ineffective, Judge Kay provided an explanation for the ruling and made adequate findings of fact supporting it. *See* Utah R. Civ. P. 11(c)(3). Consequently, we affirm the rejection of Strand and Allen's objections to the form of the proposed rule 11 order.

## II. Strand and Allen Failed To Marshall the Evidence Supporting Judge Kay's Findings of Fact.

¶ 11 Strand and Allen next argue that the conclusion that a rule 11 violation occurred is against the clear weight of the evidence because Judge Kay did not make explicit find-

---

**3.** The record of the actual proceedings before

Judge Dawson refuted Strand's affidavit.

ings that each of the challenged factual contentions was indeed false. Without such findings, Strand and Allen contend that Judge Kay's conclusion that they violated rule 11 is not adequately supported. Strand and Allen misconstrue both the ruling of the court and the requirements of rule 11.

¶ 12 First, by adopting the papers filed and arguments made by Golden Meadows in support of the rule 11 motion, Judge Kay did find that the nineteen contentions were false. As illustrated above, Golden Meadows addressed each contention individually, setting forth the evidence in the record that established its falsity. Moreover, despite the opportunity provided by Judge Kay, Strand and Allen were unable to identify any contrary record evidence. Instead, Strand and Allen simply reiterated legally incorrect theories without pointing to any evidentiary support for the statements. Therefore, Judge Kay adopted the facts set forth by Golden Meadows and concluded that Strand and Allen had violated rule 11.

¶ 13 Second, although Strand and Allen challenge the factual findings on appeal as unsupported by the record, they have made no attempt to marshal the evidence that supports the findings. Rather, Strand and Allen take the same approach on appeal as they did in response to the motion for rule 11 sanctions: they continued to argue legally incorrect positions about the probative value of their own unsupported representations. Thus, Strand and Allen have failed completely to marshal the evidence relied upon by Judge Kay and set forth in Golden Meadows' motion, or to explain why, despite that evidence, Judge Kay's findings of fact are against the clear weight of the evidence. *See generally Ostermiller v. Ostermiller*, 2010 UT 43, ¶ 20, 233 P.3d 489 ("To challenge a factual finding, 'an appellant must first marshal all the evidence in support of the finding and then demonstrate that the evidence is legally insufficient to support the finding even when viewing it in a light most favorable to the court below.'" (additional internal quotation marks omitted) (quoting *Chen v. Stewart*, 2004 UT 82, ¶ 76, 100 P.3d 1177)). We therefore decline to consider Strand and Allen's claim that the findings are not sup-

ported by the evidence. *See generally id.* ¶ 24.

### III. Judge Kay Did Not Err in Concluding that Strand and Allen Violated Rule 11.

■ ¶ 14 " 'Rule 11 places an affirmative duty on attorneys and litigants to make a reasonable investigation (under the circumstances) of the facts and the law before signing and submitting any pleadings, motion or other paper.'" *Morse v. Packer*, 2000 UT 86, ¶ 28, 15 P.3d 1021 (quoting 2 James Wm. Moore et al., *Moore's Federal Practice & Procedure* 11.11[2][a] (3d ed.2000)). Many of the nineteen allegations challenged by Golden Meadows concern actions Strand and Allen claim Judge Dawson took due to his bias against them. As the facts set forth by Golden Meadows and adopted by Judge Kay establish, however, even a cursory review of the record of the proceedings proves the inaccuracy of these contentions. A ready example of this is Strand's statement in his affidavit that Judge Dawson evicted him from his home without providing any opportunity for him to participate at hearings, to conduct discovery, to file motions, to challenge Golden Meadows' standing, or to take depositions. The record of the proceedings before Judge Dawson is replete with evidence that this contention is patently false. Strand participated in hearings, served discovery on Golden Meadows, filed motions, and challenged Golden Meadows' standing on several occasions. Furthermore, nothing in the record supports a finding that Strand filed a notice of deposition that Judge Dawson quashed or otherwise prohibited. Consequently, we hold that Judge Kay did not err in concluding that Strand and Allen violated the requirement of rule 11 that any papers bearing a party's signature contain only "allegations and other factual contentions [that] have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Utah R. Civ. P. 11(b)(3); *see also Morse*, 2000 UT 86, ¶ 29, 15 P.3d 1021 (holding that attorney who had information "flatly contradicting an allegation in [the] complaint" had violated rule 11).

## IV. The Sanction Imposed by Judge Kay Was Within His Discretion.

¶ 15 Judge Kay used the fee request for $6100 contained in Golden Meadows' motion for sanctions as a basis for the monetary sanction imposed. After reviewing the affidavit in support of the request, Judge Kay found that the "fees were reasonable in amount and were actually incurred as a result of [Strand and Allen's] filing of the offending documents . . . and in preparing, supporting, and presenting the Rule 11 Motion." Judge Kay then reduced the $6100 figure by the $2500 paid by Strand and Allen's former counsel and entered judgment in the amount of $3600. Strand and Allen complain that the affidavit detailing Golden Meadows' attorney fees did not segregate the fees spent on factual matters from those devoted to legal matters, and contend that therefore, Judge Kay exceeded his discretion in imposing the $3600 sanction. We disagree.

¶ 16 " 'Rule 11 gives trial courts great leeway to tailor the sanction to fit the requirements of the particular case.' " *Edwards v. Powder Mountain Water & Sewer*, 2009 UT App 185, ¶ 27, 214 P.3d 120 (alteration omitted) (quoting *R & R Energies v. Mother Earth Indus., Inc.*, 936 P.2d 1068, 1080 (Utah 1997)). Although a sanction may consist of "an order directing payment to the movant of some or all of the reasonable attorney fees and other expenses incurred as a direct result of the violation," the sanction should ultimately reflect what is required to deter similar conduct. *See* Utah R. Civ. P. 11(c)(2). We "afford trial courts considerable discretion to determine what sanction will be most effective to deter undesirable conduct." *Edwards*, 2009 UT App 185, ¶ 27, 214 P.3d 120 (citing *Archuleta v. Galetka*, 2008 UT 76, ¶ 7, 197 P.3d 650). The rule 60(b) motion, the memorandum in support of the rule 60(b) motion, the motion to disqualify Judge Dawson, and Strand's affidavit in support were grounded upon numerous unsupported and inaccurate contentions. But for those false assertions, Golden Meadows would not have incurred attorney fees in responding to either the legal or the factual claims made in the motions. Under these circumstances, we hold that Judge Kay did not exceed his considerable discretion by using the total fees incurred by Golden Meadows as a basis for determining the amount of the monetary sanction necessary to deter Strand, Allen, and third parties, from similar conduct. *See generally* Utah R. Civ. P. 11(c)(2).

## CONCLUSION

¶ 17 Judge Kay's incorporation of the facts set forth in Golden Meadows' motion for sanctions into his order, combined with his oral explanation of his decision, complied with the requirements of rule 11 of the Utah Rules of Civil Procedure. We decline to consider Strand and Allen's sufficiency of the evidence argument because they did not marshal the evidence in support of the trial court's factual findings. Finally, Judge Kay did not err in finding that Strand and Allen violated rule 11, and did not exceed his discretion in imposing a monetary sanction of $3600.

¶ 18 Affirmed.

¶ 19 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and J. FREDERIC VOROS JR., Judge.