373 P.2d 390

John TANGARO, d/b/a Tangaro Loan and Jewelry, Plaintiff and Appellant,

v.

Augustine Lopez MARRERO, Jacinto Reneen (Rivera) and Evangeline Lopez, Defendants and Respondents.

No. 9603.

Supreme Court of Utah.

July 12, 1962.

---

5. In re Stevens' Estate, 102 Utah 255, 130 P.2d 85.

LaMar Duncan, Salt Lake City, for appellant.

Herbert B. Maw, Salt Lake City, for respondents.

McDONOUGH, Justice.

This is an action to recover the balance of a note from a co-signer. Plaintiff appeals from a judgment finding the note satisfied by the execution of a new note.

In April, 1957, plaintiff, John Tangaro, loaned Augustine Lopez Marrero $2,146 upon the security of a promissory note co-signed by his wife, Evangeline Lopez and by Jacinto Reneen. Marrero paid the semi-monthly payments of $50.00 until March, 1958, at which time the payments were reduced at Marrero's request to $25.00. Payments continued at that rate until April, 1959, when Marrero filed a voluntary petition in bankruptcy. A principal balance of $1,083.50 plus interest amounting to $156.60 then remained owing. Tangaro demanded payment of co-signer Reneen and upon his refusal to pay brought this action.

Evidence was presented that Marrero and Tangaro had arranged a consolidation of Marrero's indebtedness in December, 1958, in which the balance of the note, a new loan of $150.00, and the purchase price of certain jewelry were in-

corporated into a new note which Marrero and his wife had signed in blank. Tangaro did not require Reneen's signature on the new note. Tangaro was to fill out the total amount of the new consolidated obligation plus the terms of payment and deliver the old note to Marrero after the new one was completed. The old note was never delivered to Marrero but Tangaro finally informed him the note had been torn up and destroyed.

The trial court found that the note sued on was fully satisfied by the execution of the new note in December, 1959, and that Reneen was therefore not liable on the original note.

Plaintiff first contends that the evidence is insufficient to support the verdict. Suffice it to say that the record contains an abundance of convincing evidence which sustains the trial court's conclusion. In fact, during the trial the plaintiff never did directly deny that a new note was signed which superseded the one co-signed by Reneen.[1]

▮▮▮▮ Plaintiff contends also that the trial court was arbitrary in refusing to reopen the case for additional evidence on the renewal note and for later denying plaintiff's motion for a new trial. Nothing is cited, however, to show any particular in which the trial court abused its discretion.[2] Tangaro's acceptance of a new note was the first defense listed in the pretrial order and plaintiff had every opportunity to present evidence respecting the new note during the trial. Under these circumstances, the action of the trial court was entirely proper.

Affirmed. Costs to respondents.

WADE, C. J., and CALLISTER and CROCKETT, JJ., concur.

HENRIOD, J., does not participate.

1. At the end of the trial the following took place:

The Court: Mr. Duncan was there any testimony from the plaintiff concerning the renewal note?

Mr. Duncan: I think that the plaintiff denied that.

The Court: *I do not recall any testimony on that.* (Emphasis added).

Mr. Duncan: If there is any doubt about there not being a new note, I will move to reopen.

The Court: Motion denied. The Court finds the note was renewed, without the defendant's signature. The old note is discharged.

2. It is elementary that the trial court has no discretion to grant a new trial absent a showing of one of the grounds specified in Rule 59 of the Utah Rules of Civil Procedure.