422 P.2d 663

**Mildred N. CORNWELL, Plaintiff and Appellant,**

v.

**Ray H. BARTON, Defendant and Respondent.**

**No. 10557.**

Supreme Court of Utah.

Jan. 24, 1967.

Rawlings, Wallace, Roberts & Black, John L. Black, Salt Lake City, for appellant.

Hanson & Baldwin, Merlin R. Lybbert, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff, Mildred N. Cornwell, brought this action to seek recovery for personal injuries suffered by her. The case was submitted to the jury on a special verdict. From a finding that the defendant was not guilty of negligence the plaintiff appeals.

The defendant was the owner of an apartment building, and the plaintiff's mother was a tenant of one of the apartments. The plaintiff was a guest in the apartment occupied by her mother. On February 5, 1964, the plaintiff was walking along one of the walkways on the defend-

ant's premises when she slipped upon a patch of ice which was concealed from view by a light fall of snow. As a result of the fall the plaintiff suffered serious and painful injuries.

The plaintiff claims that the defendant was guilty of negligence in failing to correct the hazardous condition or to give warning of its presence.

There was testimony in the record that at the place where the plaintiff slipped there was a depression in the walkway, and that water from rain or melting snow formed a puddle causing users to walk on the lawn rather than the walkway.

On the day of the accident the temperature was below freezing and there had been an intermittent snowfall that morning and an accumulation of an inch or more of snow on the ground at the time of the accident. On the day prior to the accident the walks were free of snow.

The defendant's caretakers testified that the walks were dry on the morning of the accident. The caretakers were absent from the premises during the morning hours. There was a conflict in the evidence as to the time the snow began to fall, but nonetheless the walks were covered at the time of the plaintiff's fall.

The court instructed the jury that the defendant had a duty to exercise ordi-

nary care to maintain the common walkways in a reasonably safe condition for tenants and guests, and that he had a further duty to observe any dangerous condition known to him or by use of reasonable diligence would have become known to him, and further to remedy or remove any such dangerous condition. The foregoing is a correct statement of the law. However, in another instruction the court charged the jury as follows: [1]

If you find from a preponderance of the evidence that water or moisture had accumulated on the walkway because of melting snow or other natural condition which became frozen into ice, and that its presence was not revealed because of newly fallen snow; and, if you believe that these conditions were the result of natural seasonal weather conditions, such accumulation or presence of ice would not constitute negligence on the defendant or his agents.

The instruction above set forth and assigned as error by the plaintiff in effect tells the jury that a condition resulting from seasonal weather would not constitute negligence on the part of the defendant. The effect of this instruction is to relieve the defendant of his duty to exercise ordinary care in maintaining his premises in a reasonably safe condition in bad weather as well as good.[2] We hold that the giving

1. DeWeese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, 65 A.L.R.2d 399.

2. 26 A.L.R.2d 616.

of the instruction was erroneous and prejudicially so.

The case is remanded with instructions to grant a new trial. Costs to appellant.

CALLISTER, J., concurs.

McDONOUGH, J., heard the arguments but died before the opinion was filed.

CROCKETT, Chief Justice: (concurring).

It is after considerable doubt and with some reluctance that I have concluded to concur in remanding this case for a new trial, in accordance with the desires of my colleagues, Justices Tuckett and Callister, who indicate a firm conviction that this should be done. I am quite aware that insofar as the effect on the particular case is concerned it is but futile to express doubt when the vote is cast. Nevertheless, in this instance I desire to make the following observations.

If the statement in the instruction in question to the effect that the natural accumulation of ice or snow does not constitute negligence on the part of the defendant is considered alone and in the precise sense of its wording, it may not be in error. But it does fail to deal with the fact that there may have been negligence in permitting the accumulation of ice under the snow, or in failing to use reasonable care in treating or removing the condition. As the opinion of

Justice Tuckett indicates, there is a definite possibility that the jury would take the instruction to mean that if the injury resulted from a natural accumulation of ice and snow, the defendant should not be held responsible. Whereas the true issue is whether the defendant knew or should have known of such a condition and whether under all of the circumstances he did exercise reasonable care for the safety of others. It is the fact that this instruction neither says anything about that issue, nor ties itself into other instructions which do explain the duties of the parties, which appears to have convinced my colleagues that there is reasonable likelihood that the jury misunderstood the issues involved. This instruction has thus proven to be another monument to the folly of attempting to argue one's case in the instructions, rather than to confine them to a statement of the issues and the law applicable thereto, as should be done. See Taylor v. Johnson, 15 Utah 2d 342, 393 P.2d 382, 389; Ivie v. Richardson, 9 Utah 2d 5, 336 P.2d 781.

There is a further important consideration which has led me to resolve my doubts about the matter just discussed and to concur in the remand: This order is not a final disposition of the case which turns either party out of court, but gives them both an opportunity for another trial. Though the time, trouble and expense of doing so should be avoided where that can properly be done, where doubt exists, that alternative

329

should be favored over doing a final injustice to either party. For these reasons I have concluded to join in the order remanding the case for another trial.

HENRIOD, J., dissents.