MOON LAKE ELECTRIC ASSOCIATION, INC., Plaintiff and Appellant,

v.

ULTRASYSTEMS WESTERN CONSTRUCTORS, INC., and Industrial Indemnity Company, Defendants and Respondents.

No. 870212–CA.

Court of Appeals of Utah.

Dec. 29, 1988.

George E. Mangan (argued), Roosevelt, for plaintiff and appellant.

Clark B. Allred (argued), Gayle F. McKeachnie, Nielsen & Senior, Vernal, for Ultrasystems Western Constructors, Inc.

David W. Slaughter (argued), Snow, Christensen & Martineau, Salt Lake City, for Indus. Indem. Co.

Before GARFF, BENCH and ORME, JJ.

## OPINION

BENCH, Judge:

Plaintiff appeals entry of summary judgment denying it forfeiture of defendants' bid bond. We consider three issues on appeal: 1) was the appeal timely filed? 2) was plaintiff's motion for new trial properly denied? 3) were the defendants entitled to summary judgment? We affirm.

Plaintiff Moon Lake Electric Association, Inc. (Moon Lake), is a Utah corporation and rural electric cooperative. In August 1985, Moon Lake solicited bids for construction of an electrical substation in the Rangely oilfield, Rio Blanco, Colorado. Each bidder was required to furnish a bid bond in the amount of 10% of the bid price. The bid bond was to be forfeited if the successful bidder failed to execute contract documents or furnish a contractor's bond.

Five bids were received. The lowest bid, $213,300, was submitted by defendant Ultrasystems Western Constructors, Inc. (Ultrasystems), a California corporation. Approximately one week after Moon Lake determined to accept this bid, Ultrasystems notified Moon Lake that the bid amount was in error. Ultrasystems stated that its bid had been calculated on the premise that certain items would be bolted, rather than welded with aluminum, as had been intended by Moon Lake. Moon Lake had manifested this intention by sending bidders a materials list specifying parts which by their nature required welding. None of the construction drawings, however, called for welding as a method of assembly. Ultrasystems estimated the cost of such welding to be an additional $75,000.

Moon Lake then decided to award the project to another bidder for $329,800, and to seek forfeiture of Ultrasystems's bid bond. Ultrasystems refused to surrender the bond. Moon Lake filed suit against Ultrasystems and the bond issuer, Industrial Indemnity Company (Industrial), a California corporation.

Ultrasystems filed a motion for summary judgment in which Industrial later joined. Three affidavits supported the joint motion. Moon Lake thereafter submitted a memorandum opposing defendants' motion for summary judgment and making its own motion for summary judgment. No affidavits were filed with Moon Lake's memorandum. By minute entry filed January 20, 1987, the trial court granted defendants' motion for summary judgment. Following the filing of this entry, but prior to the trial court's order of dismissal filed February 2, Moon Lake filed two supplemental affidavits. On February 9, Moon Lake filed a "Motion for New Trial or to Set Aside

Summary Judgment." Subsequently, the trial court, with a new judge presiding, denied Moon Lake's motion by order dated March 10. This appeal was filed on March 23, 1987.

## I. TIMELINESS OF THE APPEAL

Ultrasystems argues that this court lacks jurisdiction because Moon Lake failed to file its appeal within thirty days of the order granting summary judgment. *See* R. Utah Ct.App. 4(a). Ultrasystems bases this argument on the premise that Moon Lake's motion for a new trial was improper in that there is no such procedure under Utah law to challege a summary judgment. Thus, under the holding of *Burgers v. Maiben*, 652 P.2d 1320 (Utah 1982), Ultrasystems claims that plaintiff's "improper" motion for a new trial did not extend the time in which to file a notice of appeal. In support of its contention, Ultrasystems refers to one aspect of the trial court's order in which the trial court stated it could find "no basis under Rule 59 [Utah R.Civ.P.] for granting a new trial when in fact no trial was held."

■ Neither Utah R.Civ.P. 59 (new trial) nor Utah R.Civ.P. 56 (summary judgment) directly addresses the availability of a motion for a "new" trial following summary judgment. Our analysis of Rule 59(a) and the rationale behind it leads us to conclude that such a motion is, nonetheless, procedurally correct.

*Bailey v. Sound Lab, Inc.*, 694 P.2d 1043 (Utah 1984), supports our conclusion. In that case, the Utah Supreme Court dismissed an appeal from a partial summary judgment because a motion for new trial had not been resolved in the lower court. The case was then remanded to allow for disposition of the pending Rule 59 motion. It is unlikely that the court would have remanded the case to resolve the pendency of an improper motion. In remanding, the court implied that Rule 59 motions are appropriate after summary judgment.[1]

The implication in *Bailey* is supported by authority in at least two neighboring jurisdictions. Arizona's Rule 59(a) is substantively similar to our own rule.[2] In a line of cases beginning with *Maganas v. Northrup*, 112 Ariz. 46, 537 P.2d 595 (1975), the Arizona Supreme Court has held that a summary judgment may be challenged by means of a motion for new trial and that the timely filing of such a motion extends the time in which to appeal. The court has reasoned that it is unrealistic to hold that the only remedy left to an unsuccessful litigant after a summary judgment is to file an appeal. *Id.* 537 P.2d at 597. The language of their procedural rule is "broad enough to accommodate the policy that a litigant should be given the opportunity to persuade the trial court of its error before proceeding by appeal." *Hegel v. O'Malley Ins. Co., Inc.*, 117 Ariz. 411, 573 P.2d 485, 486 (1977), *vacated on other grounds*, 122 Ariz. 52, 593 P.2d 275 (1979). Colorado has similarly ruled in *Granite State Ins. Co. v. Carter*, 532 P.2d 780 (Colo.Ct.App.1975).

Although Fed.R.Civ.P. 59(a) is phrased differently than our rule, like our Rule 59(a) it speaks in terms only of new *trials*. Nonetheless, "[t]he concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury." 11 A. Wright & C. Miller, Federal Practice and Procedure § 2804 (1973). While there may be some logic in concluding that there can be no new trial where no trial has yet occurred,

---

1. *See also Transamerica Cash Reserve, Inc. v. Hafen*, 723 P.2d 425, 426 (Utah 1986), which cited *Bailey* for the following proposition, with our emphasis: "A notice of appeal before disposition of a *proper* post-judgment motion is ineffective to confer jurisdiction upon this Court."

2. Ariz.R.Civ.P. 59(a): "A verdict, decision or judgment may be vacated and a new trial granted on motion of the aggrieved party for any of the following causes materially affecting that party's rights. . . ."

Utah R.Civ.P. 59(a): "Subject to the provisions of Rule 61, a new trial may be granted to all or any of the parties and on all or part of the issues, for any of the following causes; provided, however, that on a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. . . ."

we should be less concerned with what this "reconsideration" procedure may be called so long as the procedure is available to litigants.[3]

■ We, therefore, conclude that Moon Lake's motion was procedurally correct. Since it was filed on February 9, 1987, which was within ten days of entry of the order of summary judgment, it was timely under the requirements of Utah R.Civ.P. 59(b). As provided in *Hume v. Small Claims Court*, 590 P.2d 309 (Utah 1979), a timely motion for new trial tolls the time permitted for appeal of a judgment until such time as the court makes an entry granting or denying the motion. The trial court denied Moon Lake's motion on March 10, 1987, and Moon Lake filed its notice of appeal on March 23, 1987, well within the thirty-day limit of R. Utah Ct.App. 4(a).

## II. DENIAL OF THE MOTION FOR NEW TRIAL

■ A trial court has no discretion to grant a new trial absent a showing of at least one of the circumstances specified in Utah R.Civ.P. 59(a). *Tangaro v. Marrero*, 13 Utah 2d 290, 373 P.2d 390, 391 (1962). If such a showing is made, the trial court's ruling on a motion for new trial will be disturbed on appeal only for an abuse of discretion. *Donohue v. Intermountain Health Care*, 748 P.2d 1067, 1068 (Utah 1987); *Nelson v. Trujillo*, 657 P.2d 730, 731 (Utah 1982).

In this case, the trial court found nothing in the record that supported Moon Lake's motion for new trial under Rule 59(a) subsections 3 (accident or surprise), 6 (insufficiency of the evidence), or 7 (error in law). As grounds for its motion, Moon Lake argued that its untimely filed affidavits as well as Ultrasystem's unpublished depositions "clearly establish the injustice that will be accomplished if said Summary Judgment is allowed to stand." Moon Lake also claimed that the granting of its motion

would be "in the interest of judicial economy and efficiency" and that "plaintiff will have no alternative but to appeal."

None of these reasons constitute a "showing" of any of the circumstances specified by the Rule 59(a) subsections cited by Moon Lake. Apparently the trial court also considered the untimely affidavits submitted by Moon Lake and, having found no new matters raised, perceived no "injustice." Since there was no ground cognizable under Rule 59(a)(3), (6), or (7) to grant a new trial, the trial court, in accordance with *Tangaro*, properly denied Moon Lake's motion.

## III. SUMMARY JUDGMENT

Both parties moved for summary judgment. The court noted that no affidavits had been submitted by Moon Lake in opposition to the entry of summary judgment and so concluded there was no genuine dispute as to any material issues of fact. The court then granted defendants' motion after finding that Ultrasystems was entitled to judgment as a matter of law.

On appeal, we "liberally construe the facts and view the evidence in a light most favorable" to the opposing party. *Lucky Seven Rodeo Corp. v. Clark*, 755 P.2d 750, 752 (Utah App.1988). Because summary judgment is granted as a matter of law, we may freely reexamine the trial court's application of legal standards. *Id.*

■ We note at the outset that "forfeitures are not favored in the law, and that forfeiture provisions will be strictly construed against the one who seeks to enforce them." *Russell v. Park City Utah Corp.*, 548 P.2d 889, 891 (Utah 1976). The standard for forfeiture of bid bonds in particular was established in *State v. Union Construction Co.*, 9 Utah 2d 107, 339 P.2d 421 (1959). The standard is equitable in nature and provides relief from forfeiture where: the bidder has acted in good faith, without gross negligence, has given rea-

---

**3.** While the modern procedural rules remove "undue technicalities and rigidities in the law, and are to be liberally construed to effectuate justice ... practical expediency demands that there be some finality to the actions of the court...." *Drury v. Lunceford*, 18 Utah 2d 74, 415 P.2d 662, 663 (1966). Accordingly, parties may not request a trial court to reconsider its ruling on a motion for new trial. *Id.*

sonably prompt notice of its error, will suffer substantial detriment, and the other party has not suffered a change in status or substantial hardship. *Id.* 339 P.2d at 421.

■ Our application of the *Union Construction* standard to the undisputed facts reveals no error in the judgment below. Moon Lake makes no claim that Ultrasystems failed to give prompt notice of its error or will not suffer substantial detriment. As to the issue of Moon Lake's substantial hardship, we note that even with the estimated $75,000 "error" added to Ultrasystems's bid, its total bid would still have been almost $42,000 less than the price Moon Lake paid to the next lowest bidder. The record plainly shows that Moon Lake was aware that Ultrasystems was still the low bidder, but "did not like the situation and felt it best to award the bid to the second lowest bidder."

Although Moon Lake argues that Ultrasystems acted negligently or in bad faith, Moon Lake introduced no evidence of bad faith. The basis for Moon Lake's negligence claim is that Ultrasystems failed to have an individual familiar with welding review the bid solicitation. The standard, however, is *gross* negligence. "Gross negligence is the failure to observe even slight care; it is carelessness or recklessness to a degree that shows utter indifference to the consequences that may result." *Atkin Wright & Miles v. Mountain States Tel. & Tel. Co.,* 709 P.2d 330, 335 (Utah 1985) (quoting *Robinson Ins. and Real Estate, Inc. v. Southwestern Bell Tel. Co.,* 366 F.Supp. 307, 311 (W.D.Ark.1973)). The trial court could reasonably determine, even considering the facts in a light most favorable to Moon Lake, that Ultrasystems's actions did not rise beyond the level of ordinary negligence.

The judgment of the trial court is affirmed. Defendants are awarded costs.

GARFF and ORME, JJ., concur.