Guy ERICKSON, Plaintiff and Appellee,

v.

WASATCH MANOR, INC., Defendant and Appellant.

No. 890737–CA.

Court of Appeals of Utah.

Dec. 12, 1990.

Nelson L. Hayes, Masuda A. Medcalf, Gary B. Ferguson (argued), Richards,

Brandt Miller & Nelson, Salt Lake City, for defendant and appellant.

Eric W. Bjorklund (argued), Salt Lake City, for plaintiff and appellee.

Before BILLINGS, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Appellant Wasatch Manor, Inc. appeals from the trial court's denial of their motion for a new trial. Appellee Erickson seeks attorney fees, claiming Wasatch's appeal is frivolous. We affirm the trial court's denial of the motion for a new trial and we deny Erickson's request for attorney fees.

## FACTS

On February 9, 1985, Appellee Guy Erickson (Erickson) was injured when he slipped and fell on ice in the parking lot of Wasatch Manor Apartments (Wasatch). All residents including Erickson had a reserved covered parking stall on the lower level of the Wasatch parking lot. At 11:00 p.m. each night, a Wasatch employee closed this lower level for security reasons. After closure, residents parked on the upper level. Part of the upper level was also leased to Salt Lake County to provide parking for its employees during the day.

Erickson arrived at Wasatch sometime after 11:00 p.m. on the night of February 9, 1985, and parked on the upper level. Between the time Erickson got out of his car and the time he entered the building, he fell somewhere in the parking lot. The next morning, Erickson went out to the parking lot and determined that he had fallen near a slight depression in the lot, about 20 feet from where he parked his car. As a result of the fall, Erickson suffered serious injuries and required surgery. Testimony at trial also indicated that he suffered loss of memory and other mental functions.

Prior to trial, Wasatch moved the court for an order in limine excluding testimony of three Salt Lake County employees developed in their depositions. The deposition testimony was about similar slip and fall accidents that had allegedly occurred in the Wasatch parking lot. The motion was granted. On the last day of trial, Erickson moved to have the court reconsider the ruling. The court allowed the witnesses to testify concerning prior falls in the parking lot. The jury returned a verdict for Erickson, and judgment was entered accordingly. Wasatch filed a motion for a new trial. Wasatch's motion was denied and this appeal followed.

On appeal, Wasatch contends that by reversing the earlier ruling on the admissibility of the testimony, the trial judge committed reversible error. Wasatch claims they were unfairly surprised and prejudiced by the admission of the "prior fall" testimony, and that therefore a new trial should have been granted. In the alternative, Wasatch claims that a new trial is warranted because the trial judge gave an incorrect statement of the law regarding a landlord's duty of care, and misled the jury into applying a strict liability standard. Because Erickson considers Wasatch's appeal to be frivolous, Erickson seeks attorney fees.

## ADMISSIBILITY OF THE "PRIOR FALL" TESTIMONY

■■■ We will not reverse a trial court's determination on the admissibility of evidence absent an abuse of discretion, affecting a party's substantial rights. *Hardy v. Hardy*, 776 P.2d 917, 924 (Utah Ct.App. 1989); Utah R.Evid. 103. A substantial right of a party is affected if, viewing the evidence as a whole, there is a reasonable likelihood a different result would have been reached absent the error. *Belden v. Dalbo, Inc.*, 752 P.2d 1317, 1319 (Utah Ct. App.1988) (quoting *State v. Speer*, 750 P.2d 186, 189 (Utah 1988)).

■■■ Wasatch claimed in its motion in limine that it would be more prejudicial

than probative to admit "prior fall" testimony. According to Wasatch, none of the prior falls occurred in the same area where Erickson claimed to have fallen; none occurred at night, when Erickson had fallen; and none of the witnesses could remember in what year they had fallen. Erickson, on the other hand, argued that the testimony was probative to show that a defective condition existed in the parking lot, and that Wasatch was aware of the dangerous condition.

The trial judge granted Wasatch's motion, stating that if Erickson had evidence showing that a dangerous condition did exist in the parking lot, then the prior fall testimony would be admitted. But, "If these prior falls are not in that same location as far as the depressed area of which he alleges is defective ... I just can't allow it." The judge went on to say that he would only allow testimony showing a defective condition and that people were falling as a result of that condition.

On the last day of trial, Erickson submitted a motion requesting the court to reconsider the prior ruling in limine. The motion was accompanied by three affidavits. The affidavits were from three witnesses whose "prior fall" testimony had previously been ruled inadmissible. In the affidavits, each witness claimed that they could now remember having fallen in the depressed area, and having fallen at least once in the year prior to Erickson's fall. The court ruled that testimony of falls in the same location and in the same time period as Erickson's fall, was relevant and admissible.

Wasatch asserts that the trial court erred in admitting this evidence. We disagree. To the contrary, we find that even under the original order in limine, the "prior fall" testimony was admissible. When Erickson made his motion to have the court reconsider the order in limine, two employees of Wasatch had already testified unequivocally that they had never been told of any accidents in the parking lot. However, in the affidavits, the "prior fall" witnesses claimed that at the time of their falls they had notified employees of Wasatch. The court allowed Erickson to call the witnesses, saying

> I cannot in any way stop the plaintiff from going into a question as to whether anybody had told principals of the defendant whether they should get more salt in the parking lot. I could stop it if it was not within the relevant time. But it appears that this is within the relative time. So that is just admissible testimony, regardless.... As far as the falls ... if they can be related to the time and similar situations, then that is also admissible.

■ We agree with the trial court that the testimony regarding prior falls, being in the same time period and under similar conditions to Erickson's fall, was admissible. We find no abuse of discretion by the trial court in reconsidering the admissibility of this evidence and allowing the witnesses to testify concerning their prior falls.

## MOTION FOR A NEW TRIAL

■ Wasatch made a motion for a new trial which the trial court denied. The Utah Rules of Civil Procedure, Rule 59(a) sets forth the grounds upon which a new trial may be granted: irregularity of the proceedings; misconduct of the jury; accident or surprise; newly discovered evidence; excessive or inadequate damages; insufficiency of the evidence; and error in law. Wasatch argued surprise and an erroneous jury instruction in its motion for a new trial. The ruling on such a motion will be disturbed on appeal only for an abuse of discretion. *Moon Lake Elec. v. Ultrasystems W. Constructors*, 767 P.2d 125, 128 (Utah Ct.App.1988); *Donohue v. Intermountain Health Care*, 748 P.2d 1067, 1068 (Utah 1987). We address Wasatch's claims in turn.

### A. What Constitutes "Surprise"

■ In addressing whether or not Wasatch was unfairly surprised by the testimo-

ny, we must examine what constitutes surprise. In *Moon Lake Elec.*, 767 P.2d at 128, the appellant argued unfair surprise based on the admissibility of untimely filed affidavits and unpublished depositions. This court upheld the trial court's determination that no showing of unfair surprise had been made. Similarly, in *Onyeabor v. Pro Roofing, Inc.*, 787 P.2d 525 (Utah Ct. App.1990), the plaintiff alleged surprise because he had no notice of the testimony of an expert witness until six days before trial, and did not receive a copy of the expert's report until the third day of trial. We found that the testimony did not constitute error because the witness had been identified before trial and the substance of the expected testimony was made available to plaintiff.

In the present case, the depositions of the three "slip and fall" witnesses were taken by Wasatch. Therefore, Wasatch had notice of the expected testimony. Wasatch argues that they were unfairly surprised because the testimony of these witnesses at trial contradicted statements made in their depositions. A review of the depositions reveals that each deponent could not remember where and when they had fallen. None of the deponents claimed to have notified Wasatch when they fell. At trial these same witnesses identified a Wasatch employee as the person they had contacted after their falls. Wasatch published the depositions and used them to cross-examine each witness.

Wasatch fails to identify any prejudice resulting from the admission of the testimony. Accordingly, no unfair surprise has been shown and a new trial is not warranted.

### B. Erroneous Jury Instruction

■ Wasatch claims that the trial court erred in giving the jury an instruction which included the language "The defendant has a further duty to observe any dangerous condition known to him or which by the use of reasonable diligence would have become known to him and to take reasonable steps to remedy or remove any such dangerous condition." Wasatch asserts that this instruction imposes a higher duty on the landlord. The duty imposed on landlords in Utah is "to exercise reasonable care toward their tenants in all circumstances." *Gregory v. Fourthwest Invest.*, 754 P.2d 89, 91 (Utah Ct.App.1988). *See also Schofield v. Kinzell*, 29 Utah 2d 427, 511 P.2d 149, 151 (Utah 1973); *Cornwell v. Barton*, 18 Utah 2d 325, 422 P.2d 663 (1967).

In *Cornwell*, a tenant sought damages from his landlord, for injuries suffered from a slip on ice in a common walkway. The trial court instructed the jury that "the defendant had a duty to exercise ordinary care to maintain the common walkways in a reasonably safe condition ... and that he had a further duty to observe any dangerous condition ... and further to remedy or remove any such dangerous condition." *Cornwell*, 422 P.2d at 664. On appeal, the instruction was held to be a correct statement of law. In both *Cornwell* and in the present case, the injury was to a tenant, suffered in a common area, maintained by the landlord. The instruction given in the present case recites the same correct law as the instruction in *Cornwell*. Therefore, no error has been shown.

### FRIVOLOUS APPEALS

■ Generally, attorney fees may be recovered in Utah if provided for by statute or contract. *Maughan v. Maughan*, 770 P.2d 156, 161 (Utah Ct.App.1989). In addition, attorney fees and/or double costs are awarded in cases of a frivolous appeal. Erickson claims that he is entitled to reasonable costs and attorney fees because Wasatch's appeal is frivolous.

■ Rule 33 of the Utah Rules of Appellate Procedure states in relevant part, "[I]f the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award ... single or double costs, ... and/or rea-

sonable attorney fees, to the prevailing party." Sanctions for frivolous appeals have only been applied in egregious cases, such as when an appeal was filed in order to "take unconscionable advantage" of the other party and therefore fails to meet the standards of good faith. *Eames v. Eames*, 735 P.2d 395, 398 (Utah Ct.App.1987). "Egregious cases may include those obviously without merit, with no reasonable likelihood of success, and which result in the delay of a proper judgment." *Maughan*, 770 P.2d at 162. *See also Porco v. Porco*, 752 P.2d 365 (Utah Ct.App.1988) (appeal filed to harass defendant).

Here we cannot say that Wasatch's appeal is clearly without merit. We have interpreted "without merit" to mean an appeal "without a reasonable legal or factual basis." *O'Brien v. Rush*, 744 P.2d 306, 309 (Utah Ct.App.1987). Wasatch's claims on appeal do not reach this level. Therefore, we deny Erickson's motion for attorney fees.

## CONCLUSION

Wasatch was not unfairly surprised and the jury instruction was not improper. Accordingly, we affirm.

BILLINGS, J., concurs.

ORME, J., concurs in the result.