2010 UT App 258

**GOLDEN MEADOWS PROPERTIES, LC, aka Golden Meadows Properties, LLC, Plaintiff and Appellee,**

v.

**Michael STRAND and Cari Allen, Defendants and Appellants.**

**No. 20090012-CA.**

Court of Appeals of Utah.

Sept. 23, 2010.

See also, 241 P.3d 375

---

Michael W. Strand and Cari Allen, Centerville, Appellants Pro Se.

James C. Swindler, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and VOROS.

## MEMORANDUM DECISION

VOROS, Judge:

¶ 1 This appeal and *Golden Meadows Properties, LC v. Strand,* 2010 UT App 257, 241 P.3d 375, also issued today, arise from the same civil action. Summary judgment was entered in favor of Golden Meadows on July 15, 2008. Defendants Michael Strand and Cari Allen (collectively, Strand) appealed; our decision in that matter appears in *Golden Meadows Props. v. Strand,* 2010 UT App 257, 241 P.3d 375. The district court also denied Strand's postjudgment motions to disqualify the trial judge, for relief from judgment, and to quash or stay execution of judgment. Strand appealed these matters and we resolve them in this appeal. We affirm.

### I. Motion to Disqualify Judge Dawson

¶ 2 Three months after entry of the summary judgment, Strand moved to disqualify the trial judge under rule 63 of the Utah Rules of Civil Procedure. Strand argued that Judge Glen R. Dawson should have recused himself because he had, as an Assistant U.S. Attorney, represented the Internal Revenue Service (IRS) in an action against one of Strand's businesses. Strand contends that he had forgotten this previous brush with Judge Dawson until, two months after summary judgment was entered, he discovered a legal document at his parents' house. The document related to the IRS litigation and was signed by then-Assistant U.S. Attorney Dawson. Strand also alleged various ex parte communications between Judge Daw-

son and Golden Meadows. Based on the allegations of bias in his rule 63 motion, Strand moved for relief from judgment under rule 60(b) of the Utah Rules of Civil Procedure. As required by rule 63(b)(2), Judge Dawson certified the rule 63 motion to Associate Presiding Judge Thomas L. Kay. Judge Kay denied the motion as both untimely and without merit. Relying on Judge Kay's ruling, Judge Dawson denied Strand's rule 60(b) motion. Strand appeals that ruling here.[1]

¶ 3 We review a rule 60(b) motion for abuse of discretion. *See Birch v. Birch,* 771 P.2d 1114, 1117 (Utah Ct.App.1989). Because Judge Dawson's denial of Strand's rule 60(b) motion incorporated Judge Kay's denial of Strand's rule 63 motion, we first examine Judge Kay's ruling. "Determining whether a trial judge committed error by failing to recuse himself ... is a question of law, and we review such questions for correctness." *Lunt v. Lance,* 2008 UT App 192, ¶ 7, 186 P.3d 978 (omission in original) (internal quotation marks omitted).

¶ 4 We agree with Judge Kay that Strand's motion was untimely. A motion to disqualify a judge must be filed within twenty days of "the date on which the moving party learns or with the exercise of reasonable diligence should have learned of the grounds upon which the motion is based." Utah R. Civ. P. 63(b)(1)(B)(iii). Strand's own affidavit alleges that he learned of the conflict on September 17, 2008. He filed his motion to disqualify on October 14, twenty-seven days later. It was thus untimely.

¶ 5 Strand contends that Judge Kay had the discretion to find his motion timely. He points to rule 63(b)(3)(C): "The reviewing judge *may* deny a motion not filed in a timely manner." *Id.* R. 63(b)(3)(C) (emphasis added). He suggests that the permissive language of this rule "contemplates that there may be cases with extenuating circumstances, filed outside of the 20 days." As

extenuating circumstances, he alleges that neither Judge Dawson nor anyone else informed him of Judge Dawson's alleged prior involvement in the subject matter of this case twenty years earlier.

¶ 6 Assuming without deciding that a movant's circumstances might be so compelling as to require a trial court to excuse the motion's untimeliness under rule 63(b)(3)(C), Strand has not alleged such circumstances here. At most, Strand's allegations explain why he did not discover Judge Dawson's alleged conflict until September 17; they do not explain why he failed to file his motion within twenty days of that date as required by rule 63(b)(1)(B)(iii). Accordingly, we see no error in Judge Kay's denial of the motion as untimely. *See State v. Hawley,* 2001 UT App 284U, para. 1, 2001 WL 1175153 (mem.) (applying identically worded criminal counterpart to rule 63 and affirming denial of motion as untimely where movant "was aware, or should have been aware, of the grounds for her motion well in advance of twenty days before" she filed it).

¶ 7 Although we affirm on the ground that Strand's recusal motion was untimely, we note our agreement with Judge Kay that Strand has not demonstrated that Judge Dawson was biased or prejudiced in any degree. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including [where the judge] served as a lawyer in the matter in controversy...." Code of Jud. Conduct Rule 2.11(A)(6)(a). Then–Assistant U.S. Attorney Dawson did not serve as a lawyer in the matter in controversy. Decades earlier, he had minimal contacts with Strand in a matter unrelated to the property at issue here. The record establishes only that he signed an agreement concerning office furniture and fixtures belonging to one of Strand's companies. Thus, Judge Dawson's prior legal involvement with Strand falls far short of the

---

1. This is Strand's second attempt to appeal Judge Kay's ruling. *See Golden Meadows Props. v. Strand,* 2009 UT App 38U, 2009 WL 342690 (mem.) (per curiam). His earlier attempt to appeal from Judge Kay's ruling failed because a motion to disqualify a judge is not a final, appealable order. *See id.* para. 3. We thus lacked jurisdiction over that appeal. *See id.* Strand now appeals Judge Dawson's denial of his rule 60(b) motion, which is a final, appealable order, *see Amica Mut. Ins. Co. v. Schettler,* 768 P.2d 950, 970 (Utah Ct.App.1989).

level of involvement mandating recusal. *Cf. Lunt*, 2008 UT App 192, ¶ 15, 186 P.3d 978 (determining that trial judge's minimal involvement in the case a decade earlier did not mandate recusal because "[a]ny residual, non-specific information retained by [the trial judge] from that involvement is insufficient grounds for disqualification as neither party is entitled to a judge whose mind is a clean slate").

■ ¶ 8 Strand also alleges in passing that Judge Dawson had ex parte communications with Golden Meadows. This claim is inadequately briefed, *see* Utah R.App. P. 24(a)(9), and we decline to address it. Strand has not shown that any communications between Judge Dawson and Golden Meadows violated rule 2.9 of the Code of Judicial Conduct or otherwise required recusal.

¶ 9 In sum, we agree with Judge Kay's conclusion that Strand's rule 63 motion to disqualify Judge Dawson was untimely. We also agree that it lacked merit. We therefore affirm Judge Dawson's determination that Strand is not entitled to a new trial under rule 60(b).

### II. Motion to Quash or Stay the Execution of Judgment

¶ 10 Following Judge Dawson's grant of summary judgment, Golden Meadows served a writ of execution on Strand, purporting to levy on Strand's claims against Neuman Petty, including

> [a]ny and all currently existing and potential claims, suits (whether at law or in equity), and causes of action of Strand against Neuman Petty (aka Neuman C. Petty), Nupetco Associates (aka Nupetco Associates, LLC), Kamco Wyoming Corporation, Kamco Limited Liability Company, and other "Neuman Petty Entities," including all claims asserted or which could have been asserted in *Strand v. Petty, et al.*, Civil No. 070915796, pending in the Third District Court for Salt Lake County, State of Utah.

Strand filed a motion to quash the writ or, in the alternative, to stay execution of judgment on the ground that the "writ of execution is subject to overturn on appeal." He also offered a property bond. The district court denied Strand's motions and rejected his property bond. The court set the amount for a supersedeas bond at $168,404, stating that "no stay of enforcement of the judgment herein shall become effective until such time as the Court has approved a supersedeas bond." Strand did not file the required supersedeas bond, and his claims were sold at sheriff's sale for $10,000. Strand challenges the district court's denial of his motion to quash or stay, as well as the rejection of his property bond.

¶ 11 Strand does not contend that choses in action are generally immune from execution. *See Applied Med. Techs. v. Eames*, 2002 UT 18, ¶ 12, 44 P.3d 699 (holding that "all choses in action may ordinarily be acquired by a creditor through attachment and execution") (internal quotation marks omitted). Rather, he argues that the choses in action at issue here were not amenable to execution, because the judgment on which the execution was based was being appealed.

¶ 12 However, in the companion case also decided today, .we affirm the judgment in question. That decision moots this issue. *See Frito–Lay v. Utah Labor Comm'n*, 2009 UT 71, ¶ 33, 222 P.3d 55 ("An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect.").

■ ¶ 13 Golden Meadows seeks attorney fees on appeal. "[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (internal quotation marks omitted). Accordingly, we award to Golden Meadows attorney fees reasonably incurred on appeal and remand to the district court for a determination of the proper amount of the award. Insofar as Strand endeavors to raise other issues not specifically addressed above, they are not presented with sufficient clarity to permit meaningful consideration.

¶ 14 Affirmed.

¶ 15 WE CONCUR: GREGORY K. ORME and WILLIAM A. THORNE JR., Judges.