2011 UT App 421

**GOLDEN MEADOWS PROPERTIES, LC aka Golden Meadows Properties, LLC, Plaintiff and Appellee,**

v.

**Michael STRAND and Cari Allen, Defendants and Appellants.**

**No. 20110839–CA.**

Court of Appeals of Utah.

Dec. 8, 2011.

**850**

See also, 241 P.3d 371 and 249 P.3d 596.

Michael Strand and Cari Allen, Centerville, Appellants Pro Se.

James C. Swindler and Wayne G. Petty, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶1 Michael Strand and Cari Allen (Appellants) appeal the district court's September 2, 2011 order denying their rule 59 motion for a new trial. The rule 59 motion was filed following the district court's order denying their motion to set aside an execution sale. This matter is before the court on a sua sponte motion for summary disposition.[1] We affirm.

¶2 Appellants first assert that the district court erred by denying their motion to set aside an execution sale that was held on November 24, 2008. In determining whether an execution sale should be side aside, a district court should consider whether there was "a gross inadequacy of price, coupled with irregularities attending the sale, especially where such irregularities are not merely formal and technical, but such as to have a direct tendency to prevent the realizing of a fair price for the property sold, and are attributable to the purchaser at the sale." *Bangerter v. Petty*, 2010 UT App 49, ¶18, 228 P.3d 1250.

¶3 The district court denied the motion to set aside the execution sale because Appellants failed to present any evidence that the amount bid at the sale was grossly inadequate. Furthermore, the district court also determined that the alleged irregularities in the sale were not substantive and that they did not have a direct tendency to prevent the realization of a fair price. Appellants fail to demonstrate that the district court erred by denying their motion to set aside the execution sale.

---

1. Appellants also sought to revisit issues from their prior appeals in this case, including *Golden Meadows Properties, LC v. Strand*, 2010 UT App 258, 241 P.3d 371. Because such issues were previously resolved by this court, we do not address them.

¶ 4 Following the denial of the motion to set aside the execution sale, Appellants filed a rule 59 motion for new trial. The district court denied the motion for a new trial. "A trial court has no discretion to grant a new trial absent a showing of at least one of the circumstances specified in rule 59(a) of the Utah Rules of Civil Procedure." *Moon Lake Elec. Ass'n v. Ultrasystems W. Constructors,* 767 P.2d 125, 128 (Utah Ct. App.1988). "If such showing is made, the trial court's ruling on a motion for new trial will be disturbed on appeal only for an abuse of discretion." *Id.*

¶ 5 The gravamen of Appellants' challenges to the district court's denial of their rule 59 motion is that the district court's decision was allegedly too broad and "generic," that the decision did not contain findings of fact, and that an evidentiary hearing had not been held. Appellants' motion for a new trial did not demonstrate the specific basis under rule 59(a) that would warrant a new trial. Even were we to accept Appellants' argument that they sufficiently specified a ground for a new trial under rule 59(a), the decision to deny a motion for a new trial is within the broad discretion of the district court, and the court's decision will be reversed only upon a showing of a clear abuse of the court's discretion. *See Christenson v. Jewkes,* 761 P.2d 1375, 1377 (Utah 1988).

¶ 6 Rule 52(a) of the Utah Rules of Civil Procedure provides that "[t]he trial court need not enter findings of fact and conclusions of law in ruling on motions, except as provided in Rule 41(b)." Utah R. Civ. P. 52(a). The district court was not required to enter findings of fact in conjunction with the motion to set aside the execution sale or the motion for a new trial. Thus, the district court did not abuse its discretion by ruling on the motions without preparing findings of fact.

¶ 7 Additionally, a district court's decision as to whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *See PDQ Lube Ctr., Inc. v. Huber,* 949 P.2d 792, 803 (Utah Ct.App.1997). The district court determined that an evidentiary hearing was not necessary, and that an evidentiary hearing would not have been relevant for resolving the issues before the court. Appellants fail to demonstrate that the district court abused its discretion by declining to hold an evidentiary hearing.

¶ 8 Accordingly, the district court's order denying the motion to set aside the execution sale and the district court's order denying the motion for a new trial are affirmed.