2013 UT App 6

# THE UTAH COURT OF APPEALS

MOJO SYNDICATE, INC. AND A BAR NAMED SUE LLC,

*Plaintiffs and Appellants,*

*v.*

JOHN FREDRICKSON AND 3928 LLC,

*Defendants and Appellees.*

Per Curiam Decision
No. 20110995-CA
Filed January 10, 2013

Third District, Salt Lake Department
The Honorable Sandra N. Peuler
No. 100904277

Denver C. Snuffer Jr., Daniel B. Garriott, and
Tahnee L. Hamilton, Attorneys for Appellants
J. Ryan Mitchell and Andrew V. Collins,
Attorneys for Appellees

Before JUDGES ORME, DAVIS, and THORNE.

PER CURIAM:

¶1 Mojo Syndicate, Inc. and A Bar Named Sue LLC (the Mojo Plaintiffs) appeal the grant of summary judgment and the award of attorney fees to John Fredrickson and 3928 LLC (the Fredrickson Defendants). We affirm.

¶2 Contrary to the claim of the Fredrickson Defendants, we conclude that we have jurisdiction over this appeal. The order denying the Mojo Plaintiffs' postjudgment motion filed under rule 59 of the Utah Rules of Civil Procedure was entered in the district

court docket on August 30, 2011, making the notice of appeal timely because it was filed within thirty days of that entry. The rule 59 motion operated to stay the time for appeal because a rule 59 motion may be used to challenge a summary judgment. *See Moon Lake Elec. Ass'n v. Ultrasystems W. Constructors, Inc.*, 767 P.2d 125, 128 (Utah Ct. App. 1988) (stating that a motion for a new trial filed after summary judgment is procedurally appropriate and tolls the time for appeal).

¶3     Through new counsel on appeal, the Mojo Plaintiffs contend that the summary judgment should be reversed on equitable grounds because their retained counsel in the underlying civil case rendered inadequate representation. However, there is no constitutional right to effective representation in a civil case and no basis for reversing a judgment based upon an alleged failure to comply with standards of the legal profession.

¶4     The district court's grant of summary judgment relied in part on the Mojo Plaintiffs' failure to comply with rule 7(c)(3)(B) of the Utah Rules of Civil Procedure, which requires "that opposition to a motion for summary judgment must include a verbatim restatement of each of the moving party's facts that is controverted with an explanation of the grounds for any dispute, supported by citations to relevant materials." *Jennings Inv.,LC v. Dixie Riding Club, Inc.*, 2009 UT App 119, ¶ 21, 208 P.3d 1077. The district court struck the Mojo Plaintiffs' first response because it failed to comply with rule 7, and that court required the Mojo Plaintiffs to file a complying response. Nevertheless, the Mojo Plaintiffs' second response also failed to comply with rule 7. The Mojo Plaintiffs argue that their second response substantially complied with the rule's requirements because the body of the memorandum was adequate to demonstrate that they disputed the factual averments made in the Fredrickson Defendants' motion for summary judgment. We disagree. The Fredrickson Defendants are correct that the second response did little more than state a disagreement with the motion for summary judgment and pose a series of rhetorical questions without the requisite citations. "A district court

is not obliged to comb the record to determine whether a genuine issue as to any material fact exists to prevent summary judgment." *Id.* ¶ 26. Accordingly, the district court did not err in striking the nonresponsive memorandum and deeming the facts asserted by the Fredrickson Defendants to be undisputed. *See id.* ¶ 28 (concluding that the district court did not abuse its discretion in determining that a party did not properly contest the alleged facts in a summary judgment motion).

¶5     Failure to satisfy the requirements of rule 7 does not alone justify a grant of summary judgment. *See id*. ¶ 29. The district court in this case also based the summary judgment upon its determination that the Mojo Plaintiffs did not demonstrate a genuine dispute of material facts that should prevent summary judgment. It was undisputed that the parties executed the Asset Purchase Agreement (Agreement) for the purchase of the assets of A Bar Named Sue by 3928 LLC; that the Mojo Plaintiffs subsequently executed a Closing Memorandum by which they agreed to the dollar-for-dollar credit of $40,000 against the purchase price to represent amounts the Fredrickson Defendants paid on obligations of the bar; that the Mojo Plaintiffs executed a document to terminate the lease of the bar's premises; and that the Mojo Plaintiffs relinquished the liquor license. The Mojo Plaintiffs' central claim that John Fredrickson led Mark Peterson and Judith Peterson to believe that Mark Peterson would continue as a partner in the bar is clearly inconsistent with the terms of the Agreement. Although the Mojo Plaintiffs speculate that further discovery might have established a basis for a subsequent oral modification of the Agreement, this claim is contrary to their own deposition testimony that no further discussions took place after the Agreement was executed. The district court correctly concluded that the Agreement executed by the parties contemplated a sale of the bar and all of its assets. Judith Peterson's belated self-serving assertion that she owned the assets personally and therefore the Agreement was ineffective to transfer them is controverted by the terms of the Agreement she executed.

¶6    The Mojo Plaintiffs also assert that they were prevented from discovering disputed facts because they were denied an adequate opportunity for discovery. The claim lacks merit. Shortly after the Mojo Plaintiffs filed their complaint, the Fredrickson Defendants initiated discovery and took the depositions of Mojo Syndicate's principals, Mark Peterson and Judith Peterson. Although the Mojo Plaintiffs scheduled John Fredrickson's deposition, they cancelled the deposition and sought to reschedule it only after the Fredrickson Defendants filed a motion for summary judgment. The Mojo Plaintiffs filed a motion for further discovery on the eve of the scheduled hearing on summary judgment, and the district court correctly denied the motion as untimely. Under the circumstances, the Mojo Plaintiffs were not denied the opportunity for discovery, and the summary judgment motion was not premature.

¶7    Finally, the Mojo Plaintiffs argue that the district court erred in awarding attorney fees and costs under the Agreement because some of the claims were tort claims. This claim was not presented to the district court and therefore it was not preserved for appeal and will not be considered on appeal. In the district court, the Mojo Plaintiffs challenged only the reasonableness of the claimed attorney fees. The district court required a supplemental affidavit from counsel for the Fredrickson Defendants and made a slight downward adjustment in the award. The Mojo Plaintiffs have not undertaken the analysis necessary to demonstrate that the district court's findings were erroneous. Accordingly, we affirm the award of attorney fees and costs.

¶8    We affirm the judgment of the district court and award the Fredrickson Defendants their attorney fees and costs reasonably incurred on appeal. *See Management Servs. Corp. v. Development Assoc.*, 617 P.2d 406, 409 (Utah 1980) (adopting the rule that a provision for an award of attorney fees in a contract includes attorney fees incurred by the prevailing party on appeal as well as at trial). We remand to the district court for entry of an award of the costs and attorney fees reasonably incurred on appeal.

_____