2014 UT App 189

# THE UTAH COURT OF APPEALS

SCOTT R. BISHOP,
Plaintiff and Appellant,

*v.*

INWEST TITLE SERVICES, INC.; WILSHIRE CREDIT CORPORATION;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF
AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; DAVID B.
BOYCE, PLLC; AND DAVID B. BOYCE,
Defendants and Appellees.

Amended Memorandum Decision[1]
No. 20130734-CA
Filed August 7, 2014

Fourth District Court, Provo Department
The Honorable Lynn W. Davis
No. 120401379

Scott R. Bishop, Appellant Pro Se

Bruce A. Maak, Attorney for Appellee Inwest Title
Services, Inc.

Leslie Van Frank and Edward T. Vasquez,
Attorneys for Appellees Wilshire Credit
Corporation; Mortgage Electronic Registration
Systems, Inc.; Bank of America, N.A.; and BAC
Home Loans Servicing, LP

---

1. This Amended Memorandum Decision replaces the Memorandum Decision issued June 12, 2014, *Bishop v. Inwest Title Services,* 2014 UT App 134. The amended decision omits the original footnote 8 and makes attendant changes to paragraph 14 of the text to address an issue raised in both a petition for rehearing and an unopposed motion to delete the footnote.

David B. Boyce, Appellee Pro Se and Attorney for
Appellee David B. Boyce, PLLC

———

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which SENIOR JUDGES RUSSELL W. BENCH and PAMELA T.
GREENWOOD concurred.[2]

———

PEARCE, Judge:

¶1 Scott R. Bishop appeals from the district court's entry of
summary judgment in favor of Inwest Title Services, Inc. (Inwest)
and the court's dismissal of his claims against Wilshire Credit
Corporation; Mortgage Electronic Registration Systems, Inc.; Bank
of America, N.A.; and BAC Home Loans Servicing, LP (collectively,
BANA) and David B. Boyce, PLLC and David B. Boyce
(collectively, Boyce). We affirm and remand this matter for an
attorney fees determination consistent with the terms of this
memorandum decision.

¶2 Bishop's claims against Inwest, BANA, and Boyce all relate
to Bishop's ownership interest in a residential property (the House)
that was originally owned solely by Bishop's wife, Kellene Bishop.[3]
In March 2006, Kellene applied for a $250,000 loan against the
House, which had been appraised at $250,000. The loan was set to
close on March 17 at Inwest's offices, at which time Kellene was to
sign a trust deed (the Trust Deed) to secure the loan. On March 16,
Bishop and Kellene delivered a warranty deed (the Warranty
Deed) to Inwest transferring the House from Kellene to "Kellene E.
Bishop and Scott R. Bishop, husband and wife." Bishop allegedly

———

2. The Honorable Pamela T. Greenwood and Russell W. Bench,
Senior Judges, sat by special assignment as authorized by law. *See
generally* Utah Code Jud. Admin. R. 11-201(6).

3. We refer to Kellene Bishop by her first name throughout this
memorandum decision for purposes of clarity and ease of
reference.

instructed Inwest to promptly record the Warranty Deed and believed that Inwest would do so prior to recording the Trust Deed that was to be executed the next day.

¶3     On March 17, Bishop and Kellene returned to Inwest's offices, and Kellene executed the Trust Deed and the note that it secured. Neither Bishop nor Kellene informed the lender or anyone present at the closing about the prior day's delivery of the Warranty Deed. Inwest recorded both deeds on March 22, but recorded the Trust Deed before the Warranty Deed, giving the Trust Deed priority over Bishop's interest in the House under the Warranty Deed. Inwest then mailed Bishop a copy of the Warranty Deed, which showed the six-day gap between its execution and its recording.

¶4     In April 2009, Boyce—as successor trustee under the Trust Deed—recorded a notice of default and election to sell pursuant to Kellene's note and the Trust Deed. In December 2009, Bishop and Kellene filed for Chapter 7 bankruptcy. Bishop and Kellene listed the House and the note on their bankruptcy schedules, but Bishop did not suggest or claim that his 50% ownership in the House was unencumbered by the note.[4] Nor did Bishop identify any claims against Inwest arising from its recording of the Trust Deed before the Warranty Deed. The bankruptcy court discharged Bishop in March 2010, and by March 2011, the bankruptcy trustee had certified that the bankruptcy estate was fully administered and closed the case.

¶5     On July 11, 2011, Boyce served Bishop with a notice of trustee sale on behalf of BANA, which was servicing Kellene's note. On July 26, Bishop and Kellene filed an action in Utah state court, which was soon removed to federal court. The federal action

---

4. The bankruptcy filing stated that the House was jointly owned by Bishop and Kellene and had a secured claim associated with it. The filing also stated that the debt secured by the Trust Deed and note was Kellene's obligation.

challenged BANA and Boyce's authority to foreclose on the Trust Deed and included a quiet title claim seeking to establish title to the House in Bishop and Kellene. The federal action was dismissed on May 1, 2012. An appeal by Bishop and Kellene was dismissed as untimely filed.

¶6    In August 2012, after receiving an amended notice of sale from Boyce, Bishop filed the current action in the district court. Bishop brought claims including fraud and slander of title against Inwest, BANA, and Boyce. The gravamen of all of Bishop's claims was that these defendants or their predecessors in interest had acted either to cause the Warranty Deed to be recorded after the Trust Deed or to take advantage of that timing, thus depriving Bishop of his superior 50% interest in the House. Bishop's complaint also asserted a quiet title claim seeking to establish his continuing 50% interest in the House.[5]

¶7    The district court granted summary judgment in favor of Inwest because the court concluded that Bishop failed to properly disclose his alleged claims against Inwest as assets in his bankruptcy proceeding and that the claims therefore remained the property of the bankruptcy trustee and estate.[6] Bishop challenges the district court's ruling, arguing that his claims against Inwest did not accrue until the July 2011 notice of trustee sale and thus he could not have disclosed the claims in his December 2009 bankruptcy filing. *See Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001) ("[G]enerally, a debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy.").

---

5. Boyce's trustee sale of the House occurred on September 30, 2013.

6. The district court also determined that Bishop's claims against Inwest are barred by judicial estoppel, but because we affirm on other grounds, we need not address that basis for the summary judgment order.

¶8      Bishop argues, without citation to authority, that his claims against Inwest could not have accrued until the initial notice of trustee sale because he "did not and could not discover the facts constituting [Inwest's] fraud until receipt of the [notice]." However, the district court made a specific finding that Bishop knew or should have known of the basis for his claims against Inwest at the time the deeds to the House were recorded in March 2006:

> Upon closing, both [Bishop] and Kellene knew or should have known that the Warranty Deed was recorded after the Trust Deed. It would be palpably irrational to assume that [the lender] would have closed its loan and accepted a Trust Deed on only an undivided half interest in the House (which was worth $250,000) to secure a $250,000 loan, particularly given that Kellene promised [the lender] that its Trust Deed would encumber the entire House.

Bishop fails to challenge this determination that he knew or should have known about his claims against Inwest in March 2006.[7] We

---

7. Bishop asserts that the district court's finding improperly resolved a disputed question of material fact. However, in the context of its summary judgment ruling, the district court's determination that Bishop had, at the least, constructive knowledge of his claims against Inwest in March 2006 is more accurately characterized as a legal ruling based on the undisputed facts surrounding the execution and recording of the Warranty Deed and the Trust Deed. *See Pioneer Builders Co. of Nev. v. K D A Corp.*, 2012 UT 74, ¶ 21, 292 P.3d 672 (implying that summary judgment is appropriate where "the undisputed facts . . . establish that [a party] had constructive notice"). Bishop does not argue that the district court's constructive knowledge determination is not correct as a matter of law. Nor does he point to any record evidence that would have created a genuine issue of material fact on the question

(continued...)

will thus not disturb the district court's summary judgment ruling on that ground. As Bishop raises no other argument that the district court's order was improper, we affirm the entry of summary judgment in favor of Inwest.[8]

¶9    As to the dismissal of Bishop's claims against BANA and Boyce, we agree with the district court that those claims are barred by principles of res judicata—specifically, the doctrine of claim preclusion—because the claims could and should have been raised in Bishop's prior federal action against BANA and Boyce. "Claim preclusion corresponds to causes of action" and "is premised on the principle that a controversy should be adjudicated only once." *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 10 & n.4, 284 P.3d 622 (citations and internal quotation marks omitted). A claim is precluded from being raised in a subsequent action if (1) "both cases . . . involve the same parties or their privies"; (2) "the claim that is alleged to be barred . . . could and should have been raised in the first action"; and (3) "the first suit . . . resulted in a final judgment on the merits." *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 20, 16 P.3d 1214 (citation and internal quotation marks omitted).

---

7. (...continued)
of whether he knew or should have known of the existence of his claims against Inwest.

8. Bishop has not challenged the legal conclusion that the district court drew from its determination that he should have known of the existence of his claims against Inwest at the time he filed for bankruptcy—that those claims remain the property of the bankruptcy estate. *See, e.g.*, *Anderson v. Acme Mkts., Inc.*, 287 B.R. 624, 629 (E.D. Pa. 2002) (stating that unscheduled causes of action remain the property of the bankruptcy estate). We therefore assume, without deciding, that the district court correctly applied the law.

¶10     Bishop concedes that both this case and his prior federal action involve himself, BANA, and Boyce and that the federal action resulted in a final judgment on the merits. However, Bishop argues that his present claims against BANA and Boyce could not have been raised in the federal action because the federal action was based on the Trust Deed while the current action arises out of the Warranty Deed.

¶11     "Claims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction." *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 30, 221 P.3d 194. "The phrase transaction or a series of transactions 'connotes a natural grouping or common nucleus of operative facts.'" *Gillmor*, 2012 UT 38, ¶ 14 (quoting Restatement (Second) of Judgments § 24 cmt. b (1982)). Whether a certain factual grouping constitutes a transaction or series of transactions should be determined "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citation and internal quotation marks omitted). However, no single factor is determinative, and not every factor need be considered in every case. *Id.*

¶12     Bishop's present claims against BANA and Boyce ultimately arise from the same transaction that gave rise to Bishop's prior federal claims—the near-simultaneous March 2006 execution and recording of the Warranty Deed and the Trust Deed. Both actions concern Bishop's rights in the House, and both actions asserted claims to quiet title in the House. The federal court rejected Bishop's quiet title claim because he failed to assert a claim of title superior to that possessed by BANA and Boyce, while the present action seeks to quiet title based on the superior interest that Bishop now claims under the Warranty Deed. Although Bishop knew of his alleged superior title to a 50% interest in the House at the time

he filed the federal action, he failed to assert it in support of his quiet title claim despite knowing that Boyce was poised to conduct a trustee sale of Kellene's purported undivided 100% interest in the House pursuant to the Trust Deed.

¶13    Bishop could and should have asserted his claimed superior right under the Warranty Deed—and his claims for damages flowing from that superior right—in conjunction with his quiet title claim against BANA and Boyce in the federal action. Because he failed to do so, his present claims against BANA and Boyce are barred by the doctrine of claim preclusion. *See Macris & Assocs.*, 2000 UT 93, ¶ 20.

¶14    Bishop also challenges the district court's awards of attorney fees to Inwest and Boyce, arguing that the district court's summary judgment and dismissal rulings were erroneous and therefore cannot support those fee awards. Bishop also argues that Boyce, as a pro se attorney litigant, is not entitled to attorney fees. *See generally Salt Lake Cnty. v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 29 & n.4, 297 P.3d 38 (discussing the "pro se litigant" rule). We have concluded that the district court properly disposed of all of Bishop's claims. Consequently, we do not disturb the attorney fee awards on the basis of any alleged impropriety in the underlying rulings. We also note that, although the district court awarded fees to Boyce, Boyce entered a formal waiver of that award, mooting any potential violation of the pro se litigant rule. Accordingly, we affirm the district court's attorney fee award in favor of Inwest. Further, because Inwest was awarded its attorney fees below and has prevailed on appeal, we also grant its request for reasonable attorney fees incurred on appeal. *See Golden Meadows Props., LC v. Strand*, 2010 UT App 258, ¶ 13, 241 P.3d 371 ("When a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (citation and internal quotation marks omitted)).

¶15    For these reasons, we affirm the district court's entry of summary judgment on Bishop's claims against Inwest and the

court's dismissal of Bishop's claims against BANA and Boyce. We also award Inwest its reasonable attorney fees incurred on appeal, and we remand this matter to the district court for a determination of the amount of those fees.

———